978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James B. SMITH; Jean T. Smith, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70168.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 27, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James B. and Jean T. Smith appeal pro se the tax court's decision upholding the Commissioner of Internal Revenue's determination of tax deficiencies and additions to tax for the tax years 1974 through 1985. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review the tax court's conclusions of law de novo and findings of fact for clear error. Collins v. Commissioner, 857 F.2d 1383, 1385 (9th Cir.1988). We affirm.
 
 
 3
 * The Commissioner's deficiency determinations as to the taxes and penalties owed by the Smiths are presumed correct. See Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir.1984). Accordingly, in challenging these determinations in tax court the Smiths had the burden of proving the determinations incorrect. See id. The Smiths were required to articulate clear and concise assignments of each error committed by the Commissioner and clear and concise statements of the facts supporting each assignment of error. See 26 U.S.C. § 7453; Tax Ct.R. 34(b)(4) & (5).
 
 
 4
 The Smiths failed to carry their burden. Instead, they raised, as they do on appeal, a number of arguments wholly lacking in merit. First, the Smiths are "taxpayers" whose wages are subject to federal income tax. See U.S. Const. amend. XVI; 26 U.S.C. § 1(c); Treas.Reg. § 1.1-1; United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens"); Wilcox v. Commissioner, 848 F.2d 1007, 1008 & n. 3 (9th Cir.1988).
 
 
 5
 Second, the Secretary of the Treasury has properly delegated the authority to collect income taxes to the Commissioner. See 26 C.F.R. § 301.7701-9(b); Hughes v. United States, 953 F.2d 531, 536 (9th Cir.1992). Moreover, other, internal, delegations of administrative authority to administer the Internal Revenue laws need not be published in the Federal Register. See Hughes, 953 F.2d at 539.
 
 II
 
 6
 The tax court imposed a $10,000 penalty on the Smiths pursuant to 26 U.S.C. § 6673 for filing a frivolous petition. The tax court did not abuse its discretion by doing so. See Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986).
 
 III
 
 7
 The Commissioner requests sanctions against the Smiths for filing a frivolous appeal. This appeal is frivolous because the result is obvious and the Smiths' arguments are wholly without merit. See Wilcox, 848 F.2d at 1009. Therefore, although the Smiths are pro se litigants, in exercise of our discretion we impose damages in the amount of $1,500 as a sanction against the Smiths. See Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d 1008-09.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3