**In re Lowell H. BECRAFT, Jr.**

**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Kenneth W. NELSON,
Defendant/Appellant.**

**No. 88–1113.**

United States Court of Appeals,
Ninth Circuit.

Sept. 6, 1989.

Before FERGUSON, NORRIS and WIGGINS, Circuit Judges.

ORDER

In February 1988, Kenneth Nelson was convicted in the United States District Court for the District of Nevada on three counts of failure to file income tax returns in violation of 26 U.S.C. § 7203. Nelson, represented by counsel Lowell H. Becraft, Jr., then appealed to this court claiming, *inter alia*, that the district court erred in refusing to give his proposed jury instruction that a United States citizen residing in the United States is not subject to the federal income tax laws.

By memorandum disposition dated March 22, 1989, this court affirmed Nelson's conviction, noting that Becraft's argument regarding the inapplicability of the federal tax laws to resident United States citizens had no basis in law. Becraft thereafter filed a petition for rehearing and/or suggestion for rehearing en banc [hereafter "petition for rehearing"]. In the petition

for rehearing, Becraft once again argued that the federal tax laws are inapplicable to resident United States citizens.

Upon receipt of the petition for rehearing, we, *sua sponte*, issued a show cause order requesting Becraft to explain why damages in the sum of $2500 should not be assessed against him for filing a frivolous petition for rehearing. *See* Appendix A. We have now reviewed Becraft's several-hundred-page reply to our show cause order [hereinafter "reply"] and have reached the conclusion that Becraft's conduct warrants sanctions.

Federal Rule of Appellate Procedure 38 provides this court with the authority to impose sanctions to deter frivolous appeals and to conserve limited federal judicial resources.[1] *See, e.g., Grimes v. Commissioner*, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam); *Trohimovich v. Commissioner*, 776 F.2d 873, 876 (9th Cir.1985); *Nunley v. Commissioner*, 758 F.2d 372, 373 (9th Cir.1985) (per curiam). Pursuant to Rule 38, sanctions may be imposed against *pro se* litigants, *Grimes*, 806 F.2d at 1454; *Trohimovich*, 776 F.2d at 876, litigants represented by counsel, *First Investors Corp. v. American Capital Financial Services, Inc.*, 823 F.2d 307, 310 (9th Cir.1987); *Wisconsin v. Glick*, 782 F.2d 670, 673–74 (7th Cir.1986), and/or directly against appellate counsel. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 675 (9th Cir.1981); *Coghlan v. Starkey*, 852 F.2d 806, 818 (5th Cir.1988); *Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir.1987).

In assessing the propriety of appellate sanctions, we must determine whether the issue raised on appeal—or as in this case, a petition for rehearing—is indeed frivolous. It is well settled that an appeal is frivolous when the result is obvious or the arguments of error are wholly without merit. *Grimes*, 806 F.2d at 1454; *Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir.1984); *Dewitt v. Western Pacific Railroad Co.*, 719 F.2d 1448, 1451 (9th Cir.1983). We have no hesitation concluding that the petition for rehearing filed by Becraft in this case meets the frivolity standard.

Notwithstanding Becraft's insistence that his argument regarding the inapplicability of the federal income tax laws to resident United States citizens raises numerous complex issues, his position can fairly be reduced to one elemental proposition: The Sixteenth Amendment does not authorize a direct non-apportioned income tax on resident United States citizens and thus such citizens are not subject to the federal income tax laws.[2] We hardly need comment on the patent absurdity and frivolity of such a proposition. For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens. *See, e.g., Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 12–19, 36 S.Ct. 236, 239–42, 60 L.Ed. 493 (1916); *Ward*, 833 F.2d at 1539; *Lovell v. United States*, 755 F.2d 517, 519 (7th

---

**1.** Rule 38 provides:
   If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

**2.** While Becraft devotes a good portion of his brief, petition for rehearing, and reply to a discussion of the structure of the Internal Revenue Service and the control numbers designated to income tax forms pursuant to the Paperwork Reduction Act, he does so only to provide support for his fundamental proposition that the Sixteenth Amendment does not authorize a direct non-apportioned tax on citizens residing in the United States. Hence, his entire legal argument hinges on the constitutionality of directly taxing resident United States citizens. Additionally, we note that much of Becraft's reply is also

devoted to a discussion of the limitations of federal jurisdiction to United States territories and the District of Columbia and thus the inapplicability of the federal income tax laws to a resident of one of the states. We are somewhat perplexed as to why he included this contention in his reply since he omitted any reference to this issue in the petition for rehearing. In any event, as Becraft should be well aware, this claim also has no semblance of merit. The Eleventh Circuit summarily rejected the identical argument in *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988), a case in which Becraft served as the defendant's appellate counsel.

Cir.1984); *Parker v. Commissioner*, 724 F.2d 469, 471 (5th Cir.1984); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981). Indeed, in *Lovell*, one of the more recent cases explicitly rejecting a Sixteenth Amendment argument virtually identical to Becraft's position in this case, the court sanctioned the *pro se* appellants for raising this and other federal tax exemption claims on appeal. *See Lovell*, 755 F.2d at 520. If a claim is sufficiently frivolous to warrant sanctions against a *pro se* appellant, it unarguably supports the assessment of sanctions against a seasoned attorney with considerable experience in the federal courts.

In reaching the conclusion the Becraft's petition for rehearing is frivolous, we rely not only on the fact that the argument is in direct conflict with "firmly established rules of law for which there is no arguably reasonable expectation of reversal or favorable modification," *McDougal v. Commissioner*, 818 F.2d 453, 455 (5th Cir.1987), but also on the fact that this wholly meritless claim was pressed in a petition for rehearing after this court had already summarily rejected the claim and characterized it as having no basis in law. Thus, the result of the petition for rehearing was even more obvious than the initial appeal.

Indeed, it is beyond our comprehension that a competent attorney, which Becraft certainly is, could harbor a good faith belief that this panel or the court sitting *en banc* would reconsider the rejection of Nelson's claim of federal tax exemption. While a finding of bad faith is not necessary to impose sanctions under Fed.R. App.P. 38, *see Coghlan*, 852 F.2d at 814–815 (bad faith not required element of imposition of sanctions under rule 38); *Braley v. Campbell*, 832 F.2d at 1512 (finding of subjective bad faith unnecessary to impose sanctions under Rule 38); *Grimes*, 806 F.2d at 1454 ("The purpose of Rule 38 ... is to induce litigants to conform their behavior to the governing rules, regardless of their subjective belief."), the fact that Becraft likely filed the petition for hearing absent a good faith belief of its justification contributes to our strong conviction that Becraft's conduct warrants the imposi-

tion of sanctions. *See Coghlan*, 852 F.2d at 814 ("Bad faith may aggravate the circumstances justifying sanctions....")

Moreover, we believe that Mr. Becraft's litigation record in the federal appellate courts demonstrates the necessity of sending a message to Becraft that frivolous arguments will no longer be tolerated. Our research reveals that we are not the first appellate court in which Becraft has raised this patently frivolous Sixteenth Amendment claim. In *Ward*, a case in which Becraft served as defendant's appellate counsel, *see supra*, n. 1, the Eleventh Circuit characterized as "utterly without merit" the identical argument raised by Becraft here regarding the applicability of the federal tax laws to resident United States citizens. 833 F.2d at 1539. Moreover, Becraft also advanced the patently frivolous claim in *Ward* that the federal income tax laws apply only to residents of federal territories and the District of Columbia. *Id.; see supra*, n. 1.

Unfortunately, Becraft's record of advancing wholly meritless claims does not end with *Ward*. *United States v. Stahl*, 792 F.2d 1438 (9th Cir.1986), *cert. denied*, 479 U.S. 1036, 107 S.Ct. 888, 93 L.Ed.2d 840 (1987), and *United States v. Sitka*, 845 F.2d 43 (2d Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 77, 102 L.Ed.2d 54 (1988), appeals in which Becraft served as co-counsel and counsel respectively, addressed the claim that the Sixteenth Amendment was never properly ratified and that therefore the federal courts lack jurisdiction to entertain tax evasion prosecutions. Needless to say, both courts soundly rejected this contention. *See Sitka*, 845 F.2d 44–47; *Stahl*, 792 F.2d 1438–1441. Becraft's record in the federal courts thus exhibits an alarming willingness to utilize appellate court resources to adjudicate claims that a competent attorney should realize have no reasonable possibility of success.

Based on Becraft's conduct in this case and prior cases, it is clear to us that Becraft has no appreciation for the limited nature of the federal judicial resources upon which all aggrieved individuals depend for vindication of statutory and con-

stitutional rights. For if he did have respect for the extreme demands constantly placed on the court's resources, he would not continue to use the courts as testing ground for revisionist historical theories that have absolutely no basis in law.

While we are in general accord with the Seventh Circuit's statement that "[c]riminal defendants and their lawyers must abide by the rules that apply to other litigants, ... including the principle that litigating positions must have some foundation in existing law or be supported by reasoned, colorable arguments for change in the law," *Wisconsin v. Glick*, 782 F.2d 670, 673 (7th Cir.1986) (citation omitted), we are hesitant to exercise our power to sanction under Rule 38 against criminal defendants and their counsel. With respect to counsel, such reluctance, as evidenced by the absence of authority imposing sanctions against defense counsel,[3] primarily stems from our concern that the threat of sanctions may chill a defense counsel's willingness to advance novel positions of first impression. Our constitutionally mandated adversary system of criminal justice cannot function properly unless defense counsel feels at liberty to press all claims that could conceivably invalidate his client's conviction. Indeed, whether or not the prosecution's case is forced to survive the "crucible of meaningful adversarial testing" may often depend upon defense counsel's willingness and ability to press forward with a claim of first impression. *See United States v. Cronic*, 466 U.S. 648, 656, 104 S.Ct. 2039, 2045, 80 L.Ed.2d 657 (1984). Moreover, because of the significant liberty deprivation often at stake in a criminal prosecution, courts generally tolerate arguments on behalf of criminal defendants that would likely be met with sanctions if advanced in a civil proceeding. *See Glick*, 782 F.2d at 673.

Notwithstanding the legitimate countervailing concerns that accompany imposing sanctions against defense counsel, we nevertheless believe that when a criminal defense counsel reasserts an argument in a petition for rehearing which was summarily rejected on direct appeal, and which flies in the face of unambiguous, firmly established law, that attorney exposes himself to the imposition of sanctions under Rule 38. Accordingly, we order Becraft to pay $2,500 in damages. With so many worthy claims waiting to be adjudicated, we are not obliged to stand by silently when an attorney repeatedly breaches his professional responsibility to the court.

We are fully confident that our assessment of sanctions for a frivolous petition for rehearing in this case will have no deterrent effect on litigants and attorneys' advancement of reasonably based novel positions in the future. We sincerely hope, however, that this assessment will deter Becraft from asking this and other federal courts to expend more time and resources on patently frivolous legal positions.[4]

The Clerk of this Court shall enter a judgment in the sum of $2,500 in favor of the United States of America and against Lowell H. Becraft, Jr.

### *APPENDIX A*

### ORDER

Counsel for the Appellant Lowell H. Becraft, Jr., 209 Lincoln Street, Huntsville, Alabama 35801, is ordered to show cause why damages in the sum of $2,500 should not be imposed upon him for filing a frivolous petition for rehearing and suggestion for rehearing en banc.

The reasons for the issuance of this order to show cause are as follows:

---

**3.** Our research did not reveal any case in which the court has imposed sanctions on defense counsel under Rule 38 and only one case in which sanctions were assessed against a criminal defendant. *See Glick*, 782 F.2d at 673–74 (state criminal defendants sanctioned for bringing frivolous appeal after unsuccessfully attempting to remove their state criminal prosecutions to federal court).

**4.** We wish to emphasize that our decision in this case should not be read as authority for imposing sanctions against a criminal defense counsel for a frivolous direct appeal following conviction; we express no opinion on whether or in what circumstances Rule 38 sanctions may be imposed for such an appeal.

1. Appellant Kenneth Nelson was convicted in the United States District Court for the District of Nevada on three counts of failure to file income tax returns in violation of 26 U.S.C. § 7203.

2. By memorandum disposition dated March 22, 1989, this court affirmed the judgment of the district court.

3. On appeal, Nelson claimed, *inter alia*, that the district court erred in refusing to give his proposed jury instructions concerning his theory that a United States citizen is not a "person" and that his wages were not "income" within the meaning of the Internal Revenue Code.

4. In affirming Nelson's conviction, this court emphasized that his construction of the Internal Revenue Code has been consistently rejected by federal courts and had no basis in law.

5. On April 5, 1989, Lowell H. Becraft, Jr., as attorney for Appellant Nelson, filed with this court a petition for rehearing and suggestion for rehearing en banc.

6. In this petition, Nelson realleges the inapplicability of federal tax laws to income earned by United States citizens.

7. Counsel for Nelson acknowledges in his petition that this issue had been presented to, and rejected by, this court in its memorandum disposition of March 22, 1989.

8. While the court did not impose sanctions in its memorandum disposition, the issue of the applicability of federal tax laws to this case was and is patently frivolous as it finds no support in the Internal Revenue Code and ignores clear legal precedent. *See Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir.1984), *cert. denied*, 469 U.S. 1189, 105 S.Ct. 959, 83 L.Ed.2d 965 (1985) (appeal frivolous when "result is obvious or [when] the claims of error are wholly without merit").

9. Frivolous petitions such as this impose an unjustified burden on the federal judiciary. To raise the same frivolous contention on a petition for rehearing and suggestion for en banc review forces this court to consider sanctions in order to assure that its responsibilities are not hindered by wasteful, time-consuming petitions requiring consideration by not only a three-member panel of the court but also the entire court because of the en banc suggestion.

10. Pursuant to F.R.App.P. 38, this court has the authority to impose sanctions to deter frivolous appeals and to conserve federal judicial resources. *See, e.g., First Investors Corp. v. American Capital Financial Services, Inc.*, 823 F.2d 307, 310 (9th Cir.1987); *Trohimovich v. Commissioner*, 776 F.2d 873, 875–76 (9th Cir.1985); *Nunley v. Commissioner*, 758 F.2d 372, 373 (9th Cir.1985) (per curiam); *Stites v. United States Government*, 746 F.2d 1085, 1086 (5th Cir.1984) (per curiam).

Therefore, Lowell H. Becraft, Jr., is ordered to show cause as set forth in this order.

All documents in opposition to this order must be filed with the Clerk of this court within 20 days from the date of the filing of this order.

The Clerk of the Court shall serve a copy of this order upon Mr. Becraft by United States mail and shall furnish counsel for appellee with a copy of this order.