951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KAISER ALUMINUM & CHEMICAL CORPORATION; Fireman's Fund
Insurance Company, Petitioners-Appellants,
Lucy Lucero, Claimant-Claimant
v.
DIRECTOR, OFFICER OF WORKERS' COMPENSATION PROGRAMS,
Respondent-Appellee.
 No. 90-70401.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1991.
Decided Dec. 20, 1991.
 
 Before TANG, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A claimant is entitled to death benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901 to 950 (1988), if it is proved that the claimant was "wholly dependent" upon a covered employee at the "time of injury" to the employee. Carlos Lucero was a covered employee under the Act when he was exposed to asbestos, which ultimately led to his death. His widow, Lucy Lucero, filed a claim for death benefits on behalf of herself and their adult daughter, Anita Goodman, who is mentally disabled and unable to support herself.[1] Goodman's claim was denied by the Administrative Law Judge ("ALJ"), who ruled that Goodman had assets which prevented her from being "wholly dependent." The Benefits Review Board ("Board") reversed. 23 Ben.Rev.Bd.Serv. (MB) 261 (1990). Petitioners Kaiser Aluminum & Chemical Corp. and Fireman's Fund Insurance Company (collectively "Kaiser") appeal. We affirm.
 
 I.
 
 3
 In reviewing proceedings under the LHWCA, the Board must treat the ALJ's findings of fact as "conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3); Todd Shipyards Corp. v. Director, OWCP, 792 F.2d 1489, 1491 (9th Cir.1986). Substantial evidence cannot be based on inferences drawn from facts which are "uncertain or speculative and which raise only a conjecture or a possibility." Woods v. United States, 724 F.2d 1444, 1451 (9th Cir.1984). Review in the courts of appeal is generally limited to errors of law, including whether the Board adhered to the substantial evidence standard in reviewing the ALJ's factual findings. Long v. Director, OWCP, 767 F.2d 1578, 1580 (9th Cir.1985). On questions of LHWCA law, we "respect the Board's interpretation of the statute where that interpretation is reasonable and reflects the policy underlying the statute." Todd Shipyards, 792 F.2d at 1491 (quotation omitted).
 
 II.
 
 4
 Goodman's claim falls within the terms of section 9(b) of the LHWCA, which provides "death benefit[s]" to the "surviving child" of a deceased worker. 33 U.S.C. § 909(b). As defined in the statute, "child" includes a person "who, though eighteen years of age or over, is ... wholly dependent upon the employee and incapable of self-support by reason of mental or physical disability." Id. at § 902(14) (emphasis added). The Act thus creates a two part test to determine eligibility for benefits. First, the adult child must be "wholly dependent" upon the decedent's earnings. Second, the child must be incapable of self support because of mental or physical disability. Goodman's inability to support herself because of mental disability is not contested. Thus, the only issue on appeal is whether Goodman is "wholly dependent" on Carlos Lucero's earnings.
 
 
 5
 In Doe v. Jarka Corp., 21 Ben.Rev.Bd.Serv. (MB) 142 (1988), the Board defined a "wholly dependent" child as one whose support "is derived wholly from the workman's wages." Under 33 U.S.C. § 909(f), the claimant's dependency is determined by her status at the time of the worker's injury. The ALJ and the Board agreed that the time of Carlos Lucero's injury was the period between April 2, 1984, and his date of death, February 8, 1985.
 
 
 6
 Kaiser first argues that the Board erred in reversing the ALJ's determination that monies expended by Carlos Lucero on behalf of Goodman constituted a loan. Next, Kaiser argues that because Goodman was later determined by Social Security to be retroactively eligible for disability benefits, she was not "wholly dependent" on Lucero's earnings. Finally, Kaiser argues the fact that Goodman owned a house, which could have been sold during the relevant time frame, takes Goodman out of the "wholly dependent" category.
 
 
 7
 As to Kaiser's first argument, the ALJ held that monies advanced by decedent to the bank to save Goodman's home from foreclosure constituted a loan, and therefore, Goodman was not "wholly dependent" upon the decedent. The ALJ reasoned that there was a loan because when Lucy Lucero, as conservator for Goodman, sold Goodman's home, she reimbursed herself for the monies that decedent had expended to keep Goodman's home from foreclosure. The Board held that the ALJ did not have substantial evidence to determine that Goodman was not "wholly dependent" upon decedent because the alleged loan did not address whether Goodman was "wholly dependent" on decedent at the time of injury. The Board also noted that the ALJ had no evidence of a financial arrangement between Goodman and the decedent to support the conclusion that the funds provided by decedent constituted a loan. The Board concluded that Goodman's severe psychiatric impairment made it extremely unlikely that any loan arrangement could have been contemplated by Goodman and the decedent. We also agree that the ALJ was incorrect as a matter of law to rely on the mere fact of the reimbursement to Carlos Lucero's estate to infer the existence of a loan. Furthermore, reimbursement occurred outside of and after the relevant time frame. 33 U.S.C. § 909(f). Goodman's house had not been sold at the time of the injury; its sale and the income obtained from it took place after the relevant time frame and cannot be considered.
 
 
 8
 We agree also with the Board that the retroactive social security disability payments should not be considered. Goodman had not been adjudged eligible for disability benefits at the time of injury. That finding does not erase the fact that she was "wholly dependent" at that time. Cf. Mikell v. Savannah Shipyard Co., 24 Ben.Rev.Bd.Serv. (MB) 100, 108-09 (1990) (affirming that an adult child, suffering from a polio handicap, was "wholly dependent" upon the decedent even though he received some social security disability payments) with Doe, supra (affirming the ALJ's denial of benefits to an adult child who, at the time of injury, received a substantial portion of her income from public welfare assistance). The Board's reversal of the ALJ is consistent with the purposes of the Longshore and Harbor Workers' Compensation Act.
 
 III.
 
 9
 An appeal is frivolous when the result is obvious or the arguments of error are wholly without merit. In re Becraft, 885 F.2d 547, 548 (9th Cir.1989). A finding of subjective bad faith is not a required element for the imposition of sanctions pursuant to Fed.R.App.P. 38. Id. at 549.
 
 
 10
 The Director argues that Kaiser's arguments are frivolous both because they were raised below and considered and rejected by the Board, and because Kaiser failed to raise any new legal theory on appeal demonstrating that the Board erred in reversing the ALJ.
 
 
 11
 The meaning of "wholly dependent" is a question of statutory interpretation, and is proper for this court to construe. Kaiser sought review of the Board's conclusion that the ALJ erred in holding that Goodman's receipt of money from the sale of the house and social security disqualified her from receiving benefits. This position was not wholly without merit. Kaiser also raised the argument that Goodman's ownership of a house in the San Francisco Bay Area was enough to prove that she was not "wholly dependent" upon decedent. Although we do not find this argument persuasive, it is not frivolous. The law is not so established that the result here is obvious. See Becraft, 885 F.2d at 548.
 
 IV.
 
 12
 We hold that the Benefits Review Board's reversal of the ALJ's decision was proper in all respects. Kaiser's appeal was not frivolous.
 
 
 13
 The petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lucy Lucero's claim for death benefits is not in issue