967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas R. ANGEL; Loretta C. Angel, Plaintiffs-Appellants,
v.
Judge Charles W. FROEHLICH, Jr., Defendant-Appellee.
 No. 91-55952.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1992.*
Decided June 12, 1992.
 
 Before D.W. NELSON, BOOCHEVER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This pro se appeal by the Angels of the dismissal of their suit against Judge Froehlich (Angel II ) repeats their 1988 federal court appeal in a substantially identical suit against Froehlich and other judges. Angel v. Froehlich, No. 87-5965 (9th Cir. Jan. 14, 1988), cert. denied, 485 U.S. 984 (1988) (Angel I ). In both suits the Angels sought injunctive relief against a California Superior Court judge based on the judge's alleged due process violations in the Angels' 1978 lawsuit to compel specific performance of a land sale contract. Before their recent forays into federal court, the Angels had repeatedly and unsuccessfully sought relief arising from the same incident in state court.
 
 
 3
 The district court dismissed the instant case on the basis of the res judicata effect of the prior federal court judgment in Angel I. Under the doctrine of res judicata, a final judgment on the merits precludes the parties from litigating issues that were or could have been raised in the prior action. Allen v. McCurry, 449 U.S. 90, 94 (1980) (citing Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)). The Angels and Judge Froehlich were parties to Angel I. The complaint in Angel II raises substantially identical issues as the complaint in Angel I. To the extent any new issues are involved in this action, they could have been raised in Angel I inasmuch as identical facts form the basis of the two complaints.
 
 
 4
 The Angels argue that res judicata is inapplicable because Angel I was dismissed for lack of subject matter jurisdiction and does not represent a judgment on the merits. A panel of this court, however, affirmed the judgment not on the grounds of lack of jurisdiction, but because judicial immunity shields Judge Froehlich from liability. Angel I, No. 87-5965 at 2. This ground for dismissal is not jurisdictional, and the Angel I judgment as affirmed by this court therefore represents an adjudication on the merits. See Fed.R.Civ.P. 41(b) (involuntary dismissal is a judgment on the merits unless based on lack of jurisdiction, improper venue, or failure to join a party under Rule 19). Under the doctrine of res judicata, this court's ruling in Angel I precludes the claims raised in Angel II, and the district court properly dismissed the complaint.
 
 
 5
 This lawsuit is the Angels' seventh attempt to obtain relief in the state and federal courts for the same alleged wrong. It is time for these lawsuits to stop. We have authority under Fed.R.App.P. 38 to impose sanctions on parties, including pro se litigants, to deter frivolous appeals such as this. The result here, as in the district court, is a foregone conclusion, as the Angels' arguments wholly lack merit. See In re Becraft, 885 F.2d 547, 548 (9th Cir.1989). We therefore grant Judge Froehlich's request for attorney's fees in the amount of $1,020 and double costs to be determined upon the filing of a bill of costs.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3