988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard J. CADLE, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70771.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States Tax Court; No. 21736-90.
 U.S.T.C., 1991 WI 182866.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard J. Cadle appeals pro se the tax court's decision granting judgment on the pleadings in favor of the Commissioner of the Internal Revenue Service (Commissioner) in Cadle's petition for redetermination of deficiencies for tax year 1987. The tax court also imposed $2,000 damages as a sanction. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review de novo, Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988), and affirm the tax court's decision as well as its imposition of sanctions. In addition, we award sanctions of $1,000 against Cadle pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.
 
 
 3
 The Commissioner's deficiency determinations as to the taxes and penalties owed by Cadle are presumed correct, and Cadle had the burden of proving them incorrect in tax court. See Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir.1984). Pursuant to Rule 34(b)(4) and (5) of the Tax Court Rules of Practice and Procedure, Cadle was required to give clear and concise assignments of each error allegedly committed by the Commissioner in determining of Cadle's tax deficiency, and clear and concise statements of the facts upon which he based his assignments of error. 26 U.S.C. § 7453 Tax Ct.R. 34(b)(4) & (5).
 
 
 4
 In his petition, Cadle argued that compensation for labor is exempt from taxation. This argument is patently frivolous. Section 1 of the Internal Revenue Code imposes an income tax on the income of every individual who is a citizen or resident of the United States. 26 U.S.C. § 1; see United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a nonapportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens"); Wilcox, 848 F.2d at 1008 & n. 3 (United States citizen's "wages are income ... [and] income may be taxed without apportionment under the Sixteenth Amendment").
 
 
 5
 Cadle also alleged generally that the Commissioner made mathematical errors in computing his tax deficiency. These general allegations were insufficient to carry Cadle's burden of proving the determinations were incorrect. See Hokanson, 730 F.2d at 1249. Cadle also argued that he was not allowed the opportunity to contest the deficiency determination administratively pursuant to 26 C.F.R. § 601.103(2). That section, however, describes the very procedure Cadle followed in petitioning the tax court for redetermination of his deficiency. See id.
 
 
 6
 On appeal, Cadle contends that the notice of deficiency was invalid because it assessed penalties against him without assessing an unpaid tax liability.[1] This argument is without merit. The notice of deficiency clearly states that the Commissioner determined a tax deficiency in the amount of $2,670.66. Accordingly, we affirm the tax court's decision determining that Cadle's petition was frivolous and granting judgment on the pleadings in favor of the Commissioner. See Wilcox, 848 F.2d at 1008.
 
 
 7
 The tax court imposed $2,000 sanctions against Cadle pursuant to 26 U.S.C. § 6673 for filing a frivolous petition. We review the tax court's imposition of sanctions for abuse of discretion. Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam). The tax court may impose sanctions of up to $25,000 on a taxpayer for bringing an action which is frivolous and groundless. Id. Here, we agree with the tax court that Cadle's petition was frivolous and find no abuse of discretion in the tax court's imposition of sanctions. See id.
 
 
 8
 The Commissioner requests sanctions against Cadle for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Cadle's claims are wholly without merit. Accordingly, we impose $1,000 damages as a sanction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cadle also contends that the Commissioner failed to send him a 30-day letter notifying him of a proposed deficiency and sent the notice of deficiency beyond the 60-day collection period. Because Cadle did not raise these issues before the tax court, we decline to address them for the first time on appeal. See Wilcox, 848 F.2d at 1008 n. 3