988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ames J. GRAMMATICO; Elsie A. Grammatico, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70425.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States Tax Court; No. 27750-89.
 U.S.T.C., 1992 WL33382.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James and Elsie Grammatico appeal pro se the tax court's dismissal for failure to state a claim for relief of their petition for a redetermination of tax deficiencies and additions to tax asserted against them by the Commissioner of Internal Revenue (Commissioner) for the tax years 1985 and 1986. The tax court also imposed a $5,000 penalty on the Grammaticos under 26 U.S.C. § 6673. We have jurisdiction under 26 U.S.C. § 7482, and we affirm both the dismissal and the imposition of a penalty. We also impose $1,500 damages as a sanction against the Grammaticos for filing a frivolous appeal.
 
 
 3
 We review de novo the tax court's dismissal of an action for failure to state a claim. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988). We review for abuse of discretion the tax court's imposition of a penalty under 26 U.S.C. § 6673. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam).
 
 
 4
 * The Commissioner's deficiency determinations as to the taxes and penalties owed by the Grammaticos are presumed correct. See Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir.1984). Accordingly, in challenging these determinations in tax court the Grammaticos had the burden of proving the determinations incorrect. See id. The Grammaticos were required to articulate clear and concise assignments of each error committed by the Commissioner and clear and concise statements of the facts supporting each assignment of error. See 26 U.S.C. § 7453; Tax Ct.R. 34(b)(4) & (5).
 
 
 5
 The Grammaticos failed to carry their burden. Instead, they raised, as they do on appeal, a number of arguments wholly lacking in merit. First, the Grammaticos are "taxpayers" whose wages are subject to federal income tax. See U.S. Const. amend. XVI; 26 U.S.C. § 1(c); Treas.Reg. § 1.1-1; United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens"); Wilcox, 848 F.2d at 1008 n. 3. Second, the Secretary of the Treasury has properly delegated the authority to collect income taxes to the Commissioner. See 26 C.F.R. § 301.7701-9(b); Hughes v. United States, 953 F.2d 531, 536 (9th Cir.1992). Third, failure to provide the Grammaticos with an administrative fact finding hearing did not violate due process. Wilcox, 848 F.2d at 1008. The Grammaticos' remaining arguments have been repeatedly rejected by this and other courts and we find no need to address these arguments individually. See, e.g., id.
 
 II
 
 6
 The tax court imposed a $5,000 penalty on the Grammaticos pursuant to 26 U.S.C. § 6673 for filing a frivolous petition. The tax court did not abuse its discretion by doing so. See Grimes, 806 F.2d at 1454.
 
 III
 
 7
 The Commissioner requests sanctions against the Grammaticos for filing a frivolous appeal. This appeal is frivolous because the result is obvious and the Grammaticos' arguments are wholly without merit. See Wilcox, 848 F.2d at 1009. Therefore, although the Grammaticos are pro se litigants, in exercise of our discretion we impose damages in the amount of $1,500 as a sanction against the Grammaticos. See Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d 1008-09.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3