9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emile M. STOLLE II, Defendant-Appellant.
 No. 92-50712.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 27, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emile M. Stolle II, appeals pro se his conviction following jury trial for three counts of tax evasion in violation 26 U.S.C. § 7201. Although his claims are far from clear, Stolle apparently contends the evidence was insufficient to sustain his conviction because the government failed to prove that he had a duty to comply with the law and because the government failed to prove each element of the offense of conviction.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 In reviewing challenges to the sufficiency of the evidence, we "review the evidence in the light most favorable to the prosecution to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt." United States v. Marashi, 913 F.2d 724, 735 (9th Cir.1990). However, because Stolle failed to move for judgment of acquittal during trial, he has waived the issue and we review "only to avoid a manifest miscarriage of justice or plain error." See United States v. Stauffer, 922 F.2d 508, 511 (9th Cir.1990).
 
 
 4
 To establish a violation of section 7201, the government must prove beyond a reasonable doubt "each of the following elements: (1) the existence of a tax deficiency; (2) willfulness; and (3) an affirmative act constituting an evasion or attempted evasion of the tax." Marashi, 913 F.2d at 735.
 
 
 5
 Stolle's allegations that the government "refused to show that [he] had a known legal duty," "refused to show there existed an income tax law which [he] could have violated," and "refused to show [that he] was a United States slave subject to a law imposing involuntary servitude" are essentially a challenge to the constitutionality of the income tax codes. His argument is that the income tax codes are unconstitutional if applied to an individual not sentenced to involuntary servitude following conviction for a crime, and, therefore, the government could not prove he had a duty to pay taxes because the statute underlying his conviction was invalid as applied to him. We have previously rejected constitutional challenges to the validity of the income tax laws made on similar bases as those raised by Stolle. See, e.g., United States v. Nelson (In re Becraft), 885 F.2d 547, 548-49 (9th Cir.1989) (imposing sanctions on counsel in criminal appeal for challenging constitutionality of tax codes, holding such challenges "patent[ly] absurd[ ]" and frivolous when "the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens"); Grimes v. Commissioner of Internal Revenue, 806 F.2d 1451, 1453 (9th Cir.1986) ("There can be no doubt that the tax on income is constitutional."); United States v. Chikata, 427 F.2d 385, 390 (9th Cir.1970) (26 U.S.C. § 7201 not void for vagueness). Accordingly, we also reject Stolle's constitutional challenges to the validity of the federal income tax codes.
 
 
 6
 Stolle also argues that the government "refused to show that [he] had received any income" and "refused to show [that he] believed he was breaking the law," presumably challenging the sufficiency of the tax deficiency and willfulness elements of section 7201. We conclude that the evidence was sufficient.
 
 
 7
 Testimony at trial established that Stolle used bank accounts funded with his personal income and created in the name of fictitious companies in order to (1) fake loans to himself for which he could claim interest payment deductions on his taxes, (2) hide the income from the sale of real estate and avoid payment of taxes on the interest income therefrom, and (3) avoid paying taxes on the interest income accruing in the accounts themselves. In fact, Stolle's own expert witness agreed that the interest deductions and failure to report interest income were improper and that Stolle should have paid more taxes than he did. Accordingly, the government introduced sufficient evidence to prove the existence of a tax deficiency, see Marashi, 913 F.2d at 735, and we discern no plain error in the jury's conclusion that the government proved that Stolle had a tax deficiency as alleged. See Stauffer, 922 F.2d at 513.
 
 
 8
 Similarly, we conclude that there was no plain error in the jury's conclusion that Stolle willfully evaded paying taxes. There was ample evidence at trial that Stolle had created the bank accounts specifically for the purpose of evading tax requirements. For example, Stolle generated documents intended to make the fictitious companies in whose names the bank accounts were established appear to be distinct, third-party entities unrelated to his personal income. Stolle lied to his accountants and Internal Revenue Service (IRS) investigating agents regarding the source of the funds in those accounts. In addition, Stolle confided to some of his tenants that he had them make out their rent checks to a fictitious company in order to hide his money from the government. This evidence was sufficient to establish Stolle's willful evasion of tax requirements, see, e.g., Cheek v. United States, 111 S.Ct. 604, 610 (1991) (willfulness requires that government prove defendant voluntarily and intentionally violated known duty to pay taxes); United States v. Pisello, 877 F.2d 762, 767 (willfulness established in part by defendant's lying to his accountant that source of income was a loan), and there is no plain error in the jury's conclusion that the government proved Stolle willfully engaged in tax evasion, see Stauffer, 922 F.2d at 513.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stolle's opening brief contains no facts or arguments in support of his bald allegations of error. We have relied to some extent on his subsequent filings to illuminate the meaning of his opening brief. Nonetheless, because his "Rebuttal Reply" received on September 7, 1993 was oversized, we order it lodged but not filed. Similarly, we order his "Rebuttal Reply" received on September 22, 1993 lodged but not filed because it was prepared and submitted by a person other than himself