26 F.3d 135
 74 A.F.T.R.2d 94-5080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bradley E. VOTE, Defendant-Appellant.
 No. 93-15774.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bradley E. Vote appeals pro se the district court's summary judgment and order of foreclosure in favor of the United States in the government's action seeking to (1) reduce a 1983 tax assessment against Vote to judgment, (2) set aside a fraudulent property conveyance, and (3) foreclose a tax lien on that property. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm. We also impose $1,500 damages as a sanction against Vote for filing a frivolous appeal.
 
 
 3
 We review the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 4
 Vote contends that the district court lacked subject-matter jurisdiction over the government's action. Vote appears to be arguing that the Internal Revenue Code ("IRC") applies exclusively to the District of Columbia and therefore the district court lacked jurisdiction because 28 U.S.C. Sec. 1366[1] eliminates the district court's jurisdiction over laws applicable exclusively to the District of Columbia. This contention lacks merit.
 
 
 5
 "The Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to citizens." United States v. Nelson (In re Becraft), 885 F.2d 548 (9th Cir.1989). Because the Internal Revenue Code is applicable to all United States citizens residing in the United States, the district court had subject-matter jurisdiction over the government's action.[2]
 
 
 6
 Vote also contends that the district court erred by granting summary judgment for the government because the government has failed to produce a writing evidencing his tax liability. Vote appears to argue that because the government failed to submit a tax return signed by Vote, a substitute return prepared by the IRS, or a valid assessment, summary judgment was improper. This contention lacks merit.
 
 
 7
 In support of its motion for partial summary judgment regarding Vote's tax liability, the government submitted a certified copy of a final tax court decision upholding the government's deficiency determination against Vote for 1983. Thus, any challenge to Vote's tax liability is barred by the doctrine of res judicata. See Commissioner v. Sunnen, 333 U.S. 591, 598 (1948) ("if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceedings involving the same claim and the same tax year").
 
 
 8
 Finally, Vote contends that the district court erred by granting the government's motion to foreclose its lien on the property because the government did not possess "a judicial lien issued by a Nevada court." This contention also lacks merit. Under the Internal Revenue Code, a tax lien arises automatically after the taxpayer refuses or neglects to pay the tax due after demand. See 26 U.S.C. Sec. 6321.
 
 
 9
 The government requests sanctions against Vote for bringing this appeal. This court has discretion to impose damages against litigants as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Vote's contentions on appeal are wholly without merit. Accordingly, we impose $1,500 damages as a sanction.[3]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Vote's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1366 provides: "For purposes of this chapter, references to laws of the United States or Acts of Congress do not include laws applicable exclusively to the District of Columbia"
 
 
 [2]
 Vote also contends that IRC Sec. 6151(a), which provides that taxes become due and owing to the United States as of the date prescribed by law for the filing of the return, is invalid because the Secretary of Treasury has failed to publish "the implementing rules pertaining to income tax" with respect to section 6151(a) in the Federal Register. Because Vote did not raise this claim before the district court, we will not consider the claim for the first time on appeal. See United States v. Reyes, 8 F.3d 1379, 1390 (9th Cir.1993)
 
 
 [3]
 Vote has filed a "Petition for Mandamus and/or Prohibition" seeking a stay of the foreclosure sale pending this appeal. In light of our decision, the petition is moot