26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph F. SERVER, Plaintiff-Appellant,
v.
David Elliot KENNER, Esq.; Michael Scott Meza, Esq,; Alvin
S. Michaelson, Esq.; Janet I. Levine., Esq.; Donald Re,
Esq.; Alvin S. Michaelson, a Professional Corporation;
Michaelson & Levine; Russel Hayman; Special Agent Comer,
Dea; United States of America, Defendants-Appellees.
 Nos. 92-55686, 92-55958.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided June 14, 1994.
 
 Before: HUG, SCHROEDER, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Server, in this consolidated appeal, appeals the district court's grant of Defendants-Appellees' Rule 41(b) motion to dismiss with prejudice and the imposition of Rule 11 sanctions. We affirm the Rule 41(b) dismissal with prejudice but, are without jurisdiction to review the imposition of Rule 11 sanctions.
 
 
 3
 1. Dismissal under Federal Rule of Civil Procedure 41(b)
 
 
 4
 We review a dismissal under Rule 41(b) for abuse of discretion. Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991); Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988). Rule 41 permits a district court to dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b).
 
 
 5
 To determine whether to dismiss a case for failure to comply with a court order the district court must weigh five factors:
 
 
 6
 (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.
 
 
 7
 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.), cert denied, 113 S.Ct. 321 (1992).
 
 
 8
 Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors. "[W]e may review the record independently to determine if the district court has abused its discretion." Id. at 1261.
 
 
 9
 Upon review of the record, considering the five dismissal factors, we conclude that the district court's dismissal was not an abuse of discretion. This case originated in state court in October 1990. Server did not attempt to effect service on the appellees' for almost a year.
 
 
 10
 Server failed to file opposition papers to a motion to dismiss. At a hearing on the matter he told the judge that he believed the court lacked jurisdiction and thus he did not have to file opposition papers. Server told the judge he had authority to back up his claim of lack of jurisdiction. The court ordered Server to present an affidavit citing his authority for lack of jurisdiction and to re-file his complaint so that it properly plead RICO violations.
 
 
 11
 Server's affidavit violated the district court's order by not providing the citations. The affidavit stated, "If this Honorable Court manifests a desire to review the cases which I had read prior to my believing that the lack of joinder did not create jurisdiction, I shall be only too glad to provide this court with the case citations. I have found no cases supporting the defendants' view that joinder was not necessary." Furthermore, Server failed to re-file his complaint to properly plead RICO.
 
 
 12
 Under these circumstances, and upon review of the record and history of this case, it is evident that the district court did not abuse its discretion. The district court's dismissal with prejudice under Rule 41(b) is affirmed.
 
 2. Imposition of Rule 11 Sanctions
 
 13
 A district court's order imposing sanctions, but not setting an amount, is not a final or appealable order. Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc., 873 F.2d 1327, 1329 (9th Cir.1989). Server appealed Judge Hatter's imposition of sanctions before the court was able to set an amount for the sanction. Because the amount of the sanction was never established, we are without jurisdiction to review Server's contentions.
 
 3. Fed.R.App.P 38
 
 14
 Appellees have asked this court to sanction Server under Federal Rule of Appellate Procedure 38. Rule 38, "provides this court with the authority to impose sanctions to deter frivolous appeals and to conserve limited federal judicial resources." In Re Becraft, 885 F.2d 547, 548 (9th Cir.1989) (footnote omitted).
 
 
 15
 In order to assess the propriety of appellate sanctions, we must determine whether the issue[s] raised on appeal are indeed frivolous. Id. "It is well settled that an appeal is frivolous when the result is obvious or the arguments of error are wholly without merit." Id.
 
 
 16
 Review of the record, the papers, and the pleadings reveal that this appeal was indeed frivolous. The result was obvious and the arguments of error were wholly without merit. This lawsuit and the appeal have wasted valuable and limited federal judicial resources. Appellees' Rule 38 motion for sanctions is granted.
 
 CONCLUSION
 
 17
 The district court's dismissal under Rule 41(b) is affirmed. We are without jurisdiction to decide the appeal from the order imposing Rule 11 sanctions. Appellees' Rule 38 motion is granted. Sanctions will be in the amount of double the cost of appeal determined pursuant to Fed.R.App.P. 39.
 
 
 18
 AFFIRMED WITH SANCTIONS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3