**James CHIANG; et al., Petitioners–Appellants,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–15556.

D.C. No. CV–00–02635–SI.

United States Court of Appeals, Ninth Circuit.

---

Submitted Feb. 11, 2002.*

Decided Feb. 21, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

James Chiang appeals the district court's order enforcing the Internal Revenue Service's ("IRS") administrative summonses issued to third-party record keepers in connection with the IRS's investigation of appellants' tax liability for 1997 and 1998, and the district court's order denying appellants' motion to quash. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error, *United States v. Saunders*, 951 F.2d 1065, 1066 (9th Cir.1991), and we affirm.

It was not clear error for the district court to deny appellants' motion to quash the summons and grant the government's motion to enforce the summons, because appellants failed to show an abuse of process or lack of instructional good faith in response to the government's prima facie case to enforce the summons. *See United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.1993).

The district court properly construed appellants' motion for a new trial as a motion for reconsideration. *See Hoffman v. Gen. Motors Acceptance Corp.*, 814 F.2d 1385, 1387 (9th Cir.1987) (per curiam). The district court did not abuse its discretion by denying appellants' motion for reconsideration and motion to vacate because appellants failed to establish grounds for relief. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

The district court did not abuse its discretion by denying appellants' request for judicial notice. *See Banks v. Schweiker*, 654 F.2d 637, 640 (9th Cir.1981) (noting traditional caution used in taking judicial notice).

Because appellants are not prevailing parties, we deny the request for legal fees for this appeal. *See Proctor v. Consolidated Freightways Corp.*, 795 F.2d 1472, 1478–79 (9th Cir.1986).

We grant the appellees' request for sanctions pursuant to Fed. R.App. P. 38 and 28 U.S.C. § 1912 in the amount of $4,000 because the appeal is wholly without merit. *See United States v. Nelson (In re Becraft)*, 885 F.2d 547, 548 (9th Cir.1989) (order) (imposing Rule 38 sanctions directly on counsel). Attorney Crystal Sluyter is ordered to pay this award because she is directly responsible for making frivolous legal arguments on appeal. *See id.*

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.