**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher M. HANSEN,**
**Defendant–Appellant.**

No. 06–56011.

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 2008.*

Filed May 6, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David I. Pincus, Esq., Curtis C. Pett, Esq., Andrea R. Tebbets, Esq., Richard Morrison, Martin M. Shoemaker, United Stated Department of Justice, Tax Division, Washington, DC, for Plaintiff–Appellee.

Christopher M. Hansen, pro se.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

### MEMORANDUM **

Christopher M. Hansen appeals pro se from the district court's summary judgment in favor of the United States in its action brought under 26 U.S.C. §§ 7402 and 7408 to enjoin Hansen from promoting, selling, and otherwise furthering tax avoidance schemes. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the grant of an injunction, *United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1097 (9th Cir.2000), and de novo the grant of summary judgment,

---

** This disposition is not appropriate for publication and is not precedent except as provid-

*Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 652 (9th Cir.2002). We affirm.

■ Summary judgment was proper because Hansen failed to raise a genuine issue of material fact as to whether the tax avoidance plans that he sold on two websites constituted conduct subject to penalty under 26 U.S.C. §§ 6700 or 6701. Accordingly, because the statutory requirements were met, the district court did not abuse its discretion by granting injunctive relief to the United States. *See Estate Pres. Servs.*, 202 F.3d at 1098 (explaining that an injunction should be granted if statutory requirements are met).

■ The district court did not abuse its discretion by striking Hansen's affidavit in opposition to summary judgment because Hansen refused to testify about the subject matter of the affidavit at his deposition, and failed to appear at a subsequent deposition after being warned that his continued refusal to testify would result in sanctions, including exclusion of evidence. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n. 4 (9th Cir.2005) (concluding that district court did not abuse its discretion by granting motion to strike).

Hansen's remaining contentions are unpersuasive.

■ The government's motion for sanctions of $8,000 for pursuing a frivolous appeal is granted. *See* 28 U.S.C. § 1912; Fed. R.App. P. 38; *Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir.1988) (awarding sanctions against pro se litigant for arguing that wages are not income and payment of taxes is voluntary); *see also Becraft v. Nelson (In re Becraft)*, 885 F.2d 547, 549 n. 2 (9th Cir.1989) (order) (award-

ed by 9th Cir. R. 36–3.

ing sanctions against appellant for arguing that the authority of the United States to tax its citizens is confined to the District of Columbia).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.