**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| SAMUEL D. BATES; JOYCE M. BATES, <br><br>          Petitioners - Appellants, <br><br>   v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br>          Respondent - Appellee. | No. 09-73333 <br><br> Tax Ct. No. 1586-08 <br><br> MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted May 24, 2011[**]

Before:      PREGERSON, THOMAS, and PAEZ, Circuit Judges.

      Samuel D. and Joyce M. Bates appeal pro se from the Tax Court's decision

upholding the Commissioner of Internal Revenue's determination of income tax

deficiencies for years 2003 and 2004, and imposition of a penalty under 26 U.S.C.

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 6662. They also appeal from the Tax Court's imposition of sanctions under 26 U.S.C. § 6673. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo the Tax Court's legal conclusions and for clear error its factual findings. *See Comm'r v. Dunkin*, 500 F.3d 1065, 1068 (9th Cir. 2007). We affirm.

The contention that the Bateses were not subject to federal income taxes is frivolous. *See United States v. Nelson (In re Becraft)*, 885 F.2d 547, 548 (9th Cir. 1989) (order); Treas. Reg. § 1.1-1. No other challenges have been raised to the Tax Court's determination of income tax deficiencies, and thus we deem them abandoned. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008) (issues not raised on appeal are deemed abandoned).

The Bateses conceded they were liable for the accuracy-related penalty under 26 U.S.C. § 6662 if they were subject to federal income taxes, and thus we uphold the imposition of this penalty. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1161 (9th Cir. 2007).

The Tax Court did not abuse its discretion by imposing sanctions under 26 U.S.C. § 6673 for the Bateses' frivolous arguments. *See Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993) (standard of review).

The Bateses' remaining contentions are unpersuasive.

**AFFIRMED.**

09-73333