**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN J. LINDSEY; PATRICIA L. LINDSEY,<br><br>          Plaintiffs - Appellants,<br><br>   v.<br><br>THE ALLEGED UNITED STATES CENTRAL GOVERNMENT; UNKNOWN FEDERAL EMPLOYEES OR AGENTS OF THE UNITED STATES OF AMERICA,<br><br>          Defendants - Appellees. | No. 12-56791<br><br>D.C. No. 8:11-cv-00588-DOC-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 14, 2014[**]

Before:      LEAVY, GOULD, and BERZON, Circuit Judges.

Stephen J. and Patricia L. Lindsey appeal pro se from the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

summary judgment in the Lindseys' action contesting their federal income tax liabilities. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1156 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment because, even assuming that the 1949 treasury regulation remains in effect, the Lindseys failed to raise a genuine dispute of material fact as to whether their income was not taxable under the Constitution and, therefore, exempt under the regulation. *See Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 872 (9th Cir. 1992) (to survive summary judgment, nonmovant "ordinarily must furnish affidavits containing admissible evidence tending to show the existence of a genuine dispute of material fact"); *see also United States v. Nelson (In re Becraft)*, 885 F.2d 547, 548 (9th Cir. 1989) ("[T]he Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of . . . [an] income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens.").

We reject the Lindseys' contention that discovery would have precluded summary judgment.

**AFFIRMED.**