**James O. DAVENPORT, Jr., Petitioner—Appellant,**

v.

**COMMISSIONER of INTERNAL REVENUE, Respondent— Appellee.**

No. 06–73263.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

James O. Davenport, Jr., Apple Valley, CA, pro se.

Robert R. Di Trolio, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Robert L. Baker, Esq., Eileen J. O'Connor, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Respondent–Appellee.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

James O. Davenport, Jr. appeals pro se from the United States Tax Court's order denying a motion to vacate the Tax Court's denial of his petition for redetermination of federal income taxes owed for tax year 2000. We have jurisdiction under 26 U.S.C. § 7482(a), and we affirm.

We review for abuse of discretion the Tax Court's denial of a motion to vacate. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir.1991). We review de novo the Tax Court's conclusions of law, and for clear error its findings of fact. *DHL Corp. v. Comm'r*, 285 F.3d 1210, 1216 (9th Cir. 2002).

To the extent that Davenport contends that there was no valid authority for the Commissioner of Internal Revenue to assess federal income taxes, we summarily reject such arguments. *See United States v. Nelson (In re Becraft)*, 885 F.2d 547, 548 (9th Cir.1989) (commenting on the frivolity of arguments that challenge the application of the federal income tax laws to United States citizens). Also frivolous is

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Davenport's contention that IRS agents acted without proper authority from the Secretary of the Treasury. *See Hughes v. United States,* 953 F.2d 531, 536 (9th Cir. 1992).

Davenport's due process rights were not violated during the Tax Court proceedings. *See Kantor v. Comm'r,* 998 F.2d 1514, 1521 (9th Cir.1993) (court does not look past notice of deficiency to question the Commissioner's motives). The Tax Court properly upheld the Commissioner's deficiency assessment based on evidence of Davenport's receipt of income, and Davenport failed to proffer timely evidence in the Tax Court to challenge that determination or to support his claim of a capital loss. *See Rockwell v. Comm'r,* 512 F.2d 882, 885 (9th Cir.1975) (burden of proof on taxpayer to show the merits of his claim by a preponderance of the evidence). The fact that Davenport appeared pro se does not excuse his failure to comply with the Tax Court's orders and rules. *See Carter v. Comm'r,* 784 F.2d 1006, 1008–09 (9th Cir. 1986); *United States v. Rylander,* 460 U.S. 752, 758, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.