**Terry I. MAJOR; Louise Major,
Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

No. 06–72196.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 16, 2007.

Terry I. Major, Glendale, AZ, pro se.

Louise Major, Glendale, AZ, pro se.

Donald L. Korb, Acting Chief Counsel, Internal Revenue Service, Eileen J. O'Connor, Esq., Mary R. Pelletier, Esq., DOJ–U.S. Department of Justice, Tax Division, Washington, DC, for Respondent–Appellee.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Terry I. and Louise Major appeal pro se from the United States Tax Court's order denying a motion to vacate the Tax Court's denial of their petition for redetermination of federal income taxes owed for tax year 2001. We have jurisdiction under 26 U.S.C. § 7482(a), and we affirm.

We review de novo the Tax Court's conclusions of law, and its findings of fact for clear error. *DHL Corp. v. Comm'r*, 285 F.3d 1210, 1216 (9th Cir.2002).

To the extent that the Majors contend that they are not taxpayers or persons subject to the jurisdiction of the Internal Revenue Service, we summarily reject such arguments. *See United States v. Nelson (In re Becraft)*, 885 F.2d 547, 548 (9th Cir.1989) (commenting on the frivolity of arguments that challenge the application of the federal income tax laws to United States citizens).

The Tax Court did not err in upholding the Commissioner's deficiency assessment. While the Commissioner proffered numerous documents evincing 2001 income for Mr. and Mrs. Major, their sole evidence

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was bare denial of receipt of income and objection to the Commissioner's evidence on Fifth Amendment grounds. Under these circumstances, the Tax Court properly found that the Commissioner had established that the Majors had received the income assessed. *See United States v. Rylander,* 460 U.S. 752, 758, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983) (noting that assertion of Fifth Amendment privilege is not "a substitute for evidence that would assist in meeting a burden of production").

The Tax Court properly admitted third party records as self-authenticating, *see* Fed.R.Evid. 902(1), and exempted from the hearsay rule, *see* Fed.R.Evid. 803(10); *United States v. Neff,* 615 F.2d 1235, 1241 (9th Cir.1980) (holding that admission of documents under Rule 803(10) does not violate right to confrontation).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.