T.C. Memo. 2011-92

UNITED STATES TAX COURT

KATHLEEN SUSAN STIPE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6488-08.                    Filed April 25, 2011.

Kathleen Susan Stipe, pro se.

James A. Kutten, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, Judge:  Respondent determined a deficiency of

$5,400[1] in petitioner's 2005 Federal income tax and an accuracy-

related penalty for 2005 pursuant to section 6662(a)[2] of $1,080.

_____

[1]All figures have been rounded to the nearest dollar.

[2]Unless otherwise indicated, all section references are to
(continued...)

Petitioner contested the determination by filing a timely petition. After concessions,[3] the issues for decision are: (1) Whether petitioner received taxable disability payments of $22,650 in 2005 that she failed to report on her 2005 Federal income tax return, and (2) whether petitioner is liable for the 10-percent additional tax under section 72(t) for an early distribution from a qualified retirement plan.

### FINDINGS OF FACT

The parties did not execute a stipulation of facts. On February 25, 2010, we granted respondent's motion to show cause pursuant to Rule 91(f).[4] On March 29, 2010, our order to show cause was made absolute, and the facts and evidence set forth in respondent's proposed stipulation of facts were deemed established. Following the trial, the record was held open for receipt of additional records, and the parties filed a first

---

[2](...continued)
the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Petitioner concedes that she received $29 in interest income in 2005 that she failed to report on her 2005 Federal income tax return. Respondent concedes that petitioner is not liable for the accuracy-related penalty under sec. 6662(a).

[4]Before filing the motion, respondent contacted petitioner several times to discuss the facts and issues in the case and to agree on a stipulation of facts pursuant to Rule 91(a). Petitioner failed to respond to respondent's letters and telephone calls.

supplemental stipulation of facts and attached copies of petitioner's bank statements, which we admitted into evidence.

Petitioner, who resided in Illinois when she filed her petition, worked for the U.S. Department of Veterans Affairs (VA) as a veterans claims examiner from 1991 until 2005. On a date in 2005 that does not appear in the record, petitioner was placed on disability, and she retired from the VA on February 10, 2005. Petitioner was 46 years old when she retired.

In 2005 petitioner received disability payments from the U.S. Office of Personnel Management (OPM) as follows:

| Date | Gross payment | Amount withheld[1] | Net payment |
| --- | --- | --- | --- |
| Oct. 14, 2005 | $13,782 | $2,756 | $11,026 |
| Nov. 1, 2005 | 2,297 | 202 | 2,095 |
| Nov. 1, 2005 | 4,236 | 2,476 | 1,760 |
| Dec. 1, 2005 | 2,335 | 492 | 1,843 |
| Total | 22,650 | 5,926 | 16,724 |

[1]The amount withheld includes amounts withheld for Federal tax, life insurance, and health insurance.

When petitioner was placed on disability, she believed she was still able to perform her job and has attempted to get her old job back. Since she retired from the VA in 2005, petitioner has applied for more than 1,200 jobs but has not been able to find permanent, full-time employment.

When petitioner retired in 2005, she had two outstanding loans of $7,872 and $3,624 from her Federal Employees' Thrift Savings Plan (TSP) account. On or about February 25, 2005, the TSP sent petitioner two letters regarding her loans. The letters

informed petitioner that if she did not repay her outstanding loans by May 16, 2005, the principal and interest then outstanding would be declared a taxable distribution. The correspondence also stated that petitioner might also be liable for early withdrawal penalties. Petitioner did not repay the loans. On or about September 26, 2005, petitioner requested, and received, a $12,000 distribution from her TSP account.

For 2005 petitioner received Forms W-2, Wage and Tax Statement, and Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reflecting the following wages and distributions:

| Forms W-2 | Gross wages | Federal income tax withheld |
|---|---|---|
| VA | $7,250 | $1,089 |
| Volt Technical Res., L.L.C. | 550 | 40 |
| Rose Intl., Inc. | 2,042 | 148 |
| Adecco USA, Inc. | 690 | 7 |
| Total | 10,532 | 1,284 |

| Forms 1099-R | Gross distribution | Federal income tax withheld |
|---|---|---|
| OPM | $22,650 | $3,165 |
| TSP | 23,496 | 2,400 |
| Total | 46,146 | 5,565 |

On her 2005 Form 1040, U.S. Individual Income Tax Return, petitioner reported wage income of $10,532 and pension and annuity income of $23,496. Petitioner also reported on the Form 1040 that she was liable for additional tax of $1,150 for an

early distribution from a qualified retirement plan. On Form 5329, Additional Taxes on Qualified Plans (Including IRAs) and Other Tax-Favored Accounts, petitioner reported that the two TSP loans she failed to repay, which totaled $11,496, were subject to the 10-percent additional tax but that the $12,000 distribution was not subject to the 10-percent additional tax because it was due to total and permanent disability. Petitioner did not report the $22,650 she received from OPM in 2005 on her Form 1040.

On December 10, 2007, respondent mailed a notice of deficiency to petitioner with respect to petitioner's 2005 Federal income tax. In the notice of deficiency, respondent determined that petitioner was liable for a $5,400 deficiency but did not include an explanation of items. Petitioner timely filed a petition.

## OPINION

### I.   Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that they are incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The U.S. Court of Appeals for the Seventh Circuit, to which an appeal would lie absent a stipulation to the contrary, see sec. 7482(b)(1)(A), has held, however, that the presumption of correctness does not attach where the Commissioner fails to introduce any evidence linking the taxpayer to an

income-producing activity.  See, e.g., <u>Pittman v. Commissioner</u>, 100 F.3d 1308, 1313 (7th Cir. 1996), affg. T.C. Memo. 1995-243; see also <u>Gold Emporium, Inc. v. Commissioner</u>, 910 F.2d 1374, 1378 (7th Cir. 1990) ("courts will not recognize the presumption * * * if an assessment is shown to be 'without rational foundation' or is 'arbitrary and erroneous'"), affg. T.C. Memo. 1988-559.

Respondent introduced into evidence Forms W-2 and 1099-R showing that petitioner received wages and distributions in 2005 in the amounts respondent determined.  The record also contains copies of petitioner's bank statements, which show that petitioner received deposits from the U.S. Treasury in 2005 in amounts consistent with the amounts reported on the Forms 1099-R OPM issued to petitioner.  Petitioner does not dispute the accuracy or authenticity of any of the forms.  Because respondent has introduced evidence connecting petitioner with the income-producing activity, the presumption of correctness attaches to respondent's notice of deficiency.

In certain circumstances, section 7491(a) shifts the burden of proof to the Commissioner.  However, petitioner does not argue that section 7491(a) applies, and the record does not permit us to conclude that the requirements of section 7491(a)(2) have been satisfied.  Consequently, petitioner bears the burden of proof with respect to all adjustments.  See Rule 142(a).

II.  Payments From OPM

Gross income includes all income from whatever source derived unless excluded by a specific provision of the Internal Revenue Code.  See sec. 61(a).  Thus, in the absence of a statutory exclusion, petitioner's disability payments are includable in her gross income.

In certain circumstances, sections 104 and 105 exclude amounts received on account of personal injuries or sickness. The taxpayer bears the burden of establishing that he or she is entitled to the section 104 or 105 exclusion.  See, e.g., Guernsey v. Commissioner, T.C. Memo. 1979-444 (citing Scarce v. Commissioner, 17 T.C. 830, 833 (1951)).

Petitioner has not argued, let alone established, that the disability payments she received from OPM in 2005 are excludable under section 104 or 105.  On the contrary, petitioner appears to concede that the payments are taxable.  Petitioner contends, however, that the gross amount she received from OPM in 2005 was $18,414--not $22,650, as respondent determined.  In the alternative, petitioner argues that even if she received $22,650 from OPM in 2005, she is not liable for any increase in tax because OPM withheld Federal income tax from her payments.  As we interpret petitioner's argument, petitioner is contending that OPM withheld insufficient Federal income tax from the payments

and that she should not be blamed for OPM's failure. Petitioner's arguments are without merit.

The evidence in the record--which includes not only Forms W-2 and 1099-R issued to petitioner by third-party payors but also petitioner's own bank statements--clearly reflects that petitioner received gross payments of $22,650 from OPM in 2005. Moreover, it is well established that an employer's failure to withhold income tax does not in any way lessen an employee's obligation to pay income tax. Church v. Commissioner, 810 F.2d 19, 20 (2d Cir. 1987); Chenault v. Commissioner, T.C. Memo. 2011-56 (a third party's withholding obligation "does not excuse the taxpayer from his or her duty to report income and pay the resulting tax."); Anderson v. Commissioner, T.C. Memo. 2007-265. Consequently, we conclude that petitioner received $22,650 in taxable disability payments from OPM in 2005 and that she failed to report those payments on her 2005 Federal income tax return.

III. 10-Percent Early Withdrawal Penalty

Section 72(t)(1) imposes a 10-percent additional tax on any distribution from a qualified retirement plan that fails to satisfy one of the statutory exceptions in section 72(t)(2). Dollander v. Commissioner, T.C. Memo. 2009-187. The TSP is a qualified retirement plan, see secs. 4974(c)(1), 7701(j)(1), and petitioner received a distribution from her TSP account in 2005

when she failed to repay loans totaling $11,496, see sec. 72(p); see also sec. 1.72(p)-1, Q&A-4, Income Tax Regs.

The relevant exception is section 72(t)(2)(A)(iii),[5] which provides that the 10-percent additional tax shall not apply to a distribution "attributable to the employee's being disabled within the meaning of subsection (m)(7)".  Section 72(m)(7) provides that for purposes of section 72:

> an individual shall be considered to be disabled if he
> is unable to engage in any substantial gainful activity
> by reason of any medically determinable physical or
> mental impairment which can be expected to result in
> death or to be of long-continued and indefinite
> duration.  An individual shall not be considered to be
> disabled unless he furnishes proof of the existence
> thereof in such form and manner as the Secretary may
> require.

A taxpayer who is disabled for Social Security or employment purposes is not necessarily disabled within the meaning of section 72(m)(7).  See Kopty v. Commissioner, T.C. Memo. 2007-343 (taxpayer who received long-term disability benefits from the U.S. Social Security Administration not disabled within the meaning of section 72(m)(7)), affd. 313 Fed. Appx. 333 (D.C. Cir. 2009); see also Hemrick v. Commissioner, T.C. Memo. 2009-272 (taxpayer discharged from military duty upon certification of

---

[5]The 10-percent additional tax imposed by sec. 72(t) does not apply to distributions that are made on or after the date on which the employee attains age 59-1/2, sec. 72(t)(2)(A)(i), or to distributions made to an employee after separation from service after attainment of age 55, sec. 72(t)(2)(A)(v).  Petitioner was 46 years old when she was separated from Federal service. Therefore, neither of these exceptions applies.

medical disqualification not disabled for purposes of section 72(m)(7)). In determining whether a taxpayer is disabled within the meaning of section 72(m)(7), primary consideration is given to the nature and severity of the taxpayer's ailment. Sec. 1.72-17A(f)(1), Income Tax Regs. The regulation further provides that in order for an individual to meet the requirements of section 72(m)(7), "an impairment must be expected either to continue for a long and indefinite period or to result in death." Sec. 1.72-17A(f)(3), Income Tax Regs. An impairment that is remediable is not a disability within the meaning of section 72(m)(7). Sec. 1.72-17A(f)(4), Income Tax Regs.

Petitioner testified at trial that a doctor had certified she was permanently disabled. However, the record does not contain the doctor's certification or any other evidence substantiating the nature or severity of petitioner's condition, the expected duration of the condition, or whether the condition could be remedied. In the absence of any evidence with respect to the nature or severity of petitioner's disability, we simply cannot conclude that she was disabled within the meaning of section 72(m)(7). Accordingly, petitioner is liable for the 10-percent additional tax under section 72(t) for an early distribution from a qualified retirement plan in 2005.[6]

---

[6]The 10-percent additional tax applies only to the TSP loans that petitioner failed to repay. Respondent did not assert in
(continued...)

IV.  Conclusion

In summary, we conclude that (1) petitioner received taxable disability payments from OPM of $22,650 in 2005 that she failed to report on her 2005 Federal income tax return, and (2) petitioner is liable for the 10-percent additional tax under section 72(t) with respect to the TSP loans she failed to repay in 2005.

We have considered the remaining arguments of both parties for results contrary to those expressed herein and, to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered
under Rule 155.

---

[6](...continued)
the notice of deficiency or at trial that petitioner was liable for a 10-percent additional tax under sec. 72(t) with respect to the $12,000 distribution she received from her TSP account in 2005.