T.C. Memo. 2013-42

UNITED STATES TAX COURT

ROGER PHILLIPS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28324-10.                    Filed February 7, 2013.

Roger Phillips, pro se.

David L. Zoss, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, Judge:  In a notice of deficiency dated September 13, 2010,

respondent determined a deficiency in petitioner's 2006 Federal income tax of

$51,864 and additions to tax under sections 6651(a)(1) and (2) and 6654(a) of

**[\*2]** $11,107, $9,873, and $2,323, respectively.[1]  After concessions,[2] the issues for

decision are:  (1) whether petitioner must include in taxable income a distribution

from his individual retirement account (IRA) of $127,074 and, if so, whether he is

liable for the 10% additional tax on early distributions under section 72(t); (2)

whether petitioner received tax-exempt interest income of $521 during 2006; (3)

whether petitioner substantiated his claimed deductions for moving expenses and

business expenses; and (4) whether petitioner is liable for additions to tax under

sections 6651(a)(1) and (2) and 6654 for 2006.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code in effect for the year in issue, and Rule references are to the Tax Court Rules
of Practice and Procedure.  Some monetary amounts have been rounded to the
nearest dollar.

[2]In the notice of deficiency respondent determined that petitioner received
taxable distributions from his IRA of $157,074.  Respondent concedes that
petitioner made a qualifying IRA rollover contribution of $30,000 and, to that
extent, he did not receive taxable income and is not liable for the sec. 72(t) addition
to tax.

Pursuant to the deemed stipulations, petitioner is entitled to a standard
deduction of $5,150 and a personal exemption of $3,300 for 2006.

[*3]                    FINDINGS OF FACT

Some of the facts have been deemed established for purposes of this case in accordance with Rule 91(f).[3]  The deemed facts are incorporated herein by this reference.  Petitioner resided in Minnesota when he filed his petition.

During 2006 petitioner maintained an IRA at Ameriprise Trust Co. (Ameriprise).  In June 2006 petitioner rolled over $30,000 of his Ameriprise IRA into a qualifying IRA account at BankAnnapolis.  Following the June 2006 rollover petitioner directed Ameriprise to transfer $127,074, the remaining balance of his IRA, to his existing savings account at BankAnnapolis.  He elected to transfer the funds to his savings account rather than to a qualified retirement account or IRA.  Petitioner received a total distribution from his Ameriprise IRA of $157,074 during 2006.  Ameriprise withheld from this distribution $2,500 of Federal income tax.

---

[3]On January 11, 2012, respondent filed a motion to show cause why proposed facts and evidence should not be accepted as established under Rule 91(f) and attached a proposed stipulation of facts.  By order dated January 12, 2012, this Court ordered that petitioner file a response to respondent's motion in accordance with Rule 91(f)(2) on or before February 1, 2012.  Petitioner failed to file a response to respondent's motion that complied with Rule 91(f)(2).  By order dated February 8, 2012, this Court made the order to show cause under Rule 91(f) absolute and deemed established the facts and evidence set forth in respondent's proposed stipulation of facts.

**[*4]**   For 2006 respondent received the following information returns with respect to petitioner:  (1) a Form 5498, IRA Contribution Information, from BankAnnapolis, reporting a $500 IRA contribution and a $30,000 IRA rollover contribution; (2) a Form 5498 from Ameriprise, reporting that petitioner's account had a fair market value of $6; (3) a Form 1099-INT, Interest Income, from American Express Bank, reporting interest income of $14; (4) Forms 1099-INT from BankAnnapolis, reporting interest income of $88 and $520; and (5) a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., from Ameriprise, reporting an IRA distribution of $157,074 and tax withheld of $2,500.

Petitioner failed to timely file a Form 1040, U.S. Individual Income Tax Return, for 2006.  Respondent prepared a substitute for return pursuant to section 6020(b).  On the basis of the substitute for return, respondent mailed to petitioner a notice of deficiency for 2006 dated September 13, 2010, determining that petitioner had received a taxable distribution from his IRA of $157,074 and interest income of $622.  Respondent also determined that petitioner was liable for:  (1) a 10% tax with respect to his $157,074 early distribution from his IRA; and (2) additions to tax under sections 6651(a)(1) and (2) and 6654.

**[\*5]**   On August 26, 2011, petitioner submitted to respondent a Form 1040 for 2006.  On petitioner's untimely filed return, he reported that he received tax-exempt interest income of $521 and an IRA distribution of $157,239, including a taxable IRA distribution of $78,125.  He claimed moving expenses of $7,698.  On an attached Schedule C, Profit or Loss From Business, petitioner claimed a loss of $82,603.[4]  Petitioner attached to his return:  (1) the Form 1099-INT from American Express Bank; (2) the Form 1099-INT from BankAnnapolis; (3) the Form 1099-R from Ameriprise; and (4) the Form 5498 from BankAnnapolis.

OPINION

I.      Burden of Proof and Burden of Production

Ordinarily, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The burden of proof shifts to the Commissioner, however, if the taxpayer produces credible evidence to support the deduction or position, the taxpayer complied with the substantiation requirements, and the taxpayer

---

[4]The deemed stipulation of facts states that on his 2006 return petitioner claimed a Schedule C loss of $88,603.  Petitioner's 2006 return, which is in the record, shows that he actually claimed a loss of $82,603.

**[\*6]** cooperated with the Secretary[5] with regard to all reasonable requests for information. Sec. 7491(a); <u>see also</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 440-441 (2001).

Petitioner does not contend that section 7491(a)(1) should shift the burden here, and the record establishes that he did not satisfy the section 7491(a)(2) requirements. Consequently, petitioner bears the burden of proof as to any disputed factual issue. <u>See</u> Rule 142(a).

Under section 6201(d), if a taxpayer asserts a reasonable dispute with respect to an item of income reported on an information return filed by a third party and the taxpayer meets certain other requirements, the Commissioner bears the burden of producing reasonable and probative evidence, in addition to the information return, concerning the deficiency attributable to the income item. Petitioner has not raised any reasonable dispute with respect to the accuracy of the information returns. Consequently, the burden of production with respect to the income did not shift to respondent under section 6201(d).

---

[5]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A)(i).

**[*7] II.     IRA Distribution and Section 72(t) Penalty**

     A.     Taxable Distribution Amount

Petitioner does not appear to contest that he received a distribution from his Ameriprise IRA of $157,074 during 2006. He attached to his untimely filed 2006 return the Form 1099-R from Ameriprise, and he reported on his return that he received a distribution from Ameriprise of $157,239. Respondent has conceded that petitioner made a rollover contribution of $30,000 and that that amount is excluded from petitioner's taxable income. Accordingly, we need decide only whether petitioner must include in income the remaining amount of the distribution. Petitioner appears to contend that the remaining amount of the distribution is not includable in gross income because he merely made an error in rolling over the remaining balance of his Ameriprise account.

Generally, amounts distributed from an IRA are includable in a taxpayer's gross income as provided in section 72. Sec. 408(d)(1). However, section 408(d)(3) provides that a distribution is not includable in gross income if the entire amount of the distribution an individual receives is paid into an IRA or other eligible retirement plan within 60 days of the distribution. See Schoof v. Commissioner, 110 T.C. 1, 7 (1998). This recontribution is known as a "rollover contribution". Sec. 408(d)(3).

**[*8]** In Wood v. Commissioner, 93 T.C. 114, 115-118 (1989), the taxpayer's financial institution made a bookkeeping error and the taxpayer's rollover contribution was not transferred to an IRA within 60 days of the distribution. The taxpayer took every reasonably expected step in order to roll over his lump-sum distribution as required by law. Id. at 122. We held that the bookkeeping error did not preclude rollover treatment because the taxpayer had, in substance, satisfied the statutory requirements. Id. at 122-123. By contrast, in Schoof v. Commissioner, 110 T.C. at 10-11, we held that rollover treatment was precluded where the distribution was rolled over to a trust that lacked a qualified IRA trustee. We stated:

> "Where the requirements of a statute relate to the substance or essence of the statute, they must be rigidly observed. On the other hand, if the requirements are procedural or directory in that they do not go to the essence of the thing to be done, but rather are given with a view to the orderly conduct of business, they may be fulfilled by substantial compliance." [Citations omitted.]

Id. at 11 (quoting Rodoni v. Commissioner, 105 T.C. 29, 38-39 (1995)); see also Crow v. Commissioner, T.C. Memo. 2002-178.

Petitioner testified that after rolling over $30,000 in June 2006 he sought to transfer the balance of his Ameriprise IRA to BankAnnapolis. He further testified that he structured the transfer in two parts in order to comply with what he

**[*9]** believed was the applicable law. He testified that he intended that the value of the second transfer would be invested into a certificate of deposit (CD) and eventually moved from the CD to a qualifying retirement account or IRA. Petitioner admitted that he received an early distribution from his Ameriprise IRA during 2006.

Even if we were to accept petitioner's testimony as credible, his testimony shows that he failed to roll over his remaining Ameriprise IRA balance into an IRA or a qualified plan as required by section 408(d)(3). After Ameriprise transferred the funds to BankAnnapolis, BankAnnapolis deposited the funds into petitioner's savings account. At that point, petitioner had direct control over the funds. Petitioner introduced no evidence to show that the funds were later transferred timely to a qualifying IRA. A fundamental requirement for a rollover contribution is that the funds are actually rolled over to an IRA or other plan, see sec. 408(d)(3), and petitioner failed to satisfy this requirement. Accordingly, we find that petitioner failed to substantiate an IRA rollover contribution in an amount greater than $30,000. Therefore the remaining amount of the distribution, or $127,074, is includable in the calculation of petitioner's taxable income.

**[*10]** B.     Section 72(t) Additional Tax

Section 72(t)(1) imposes a 10% additional tax when a qualified retirement plan participant receives an early distribution that fails to satisfy one of the statutory exceptions.  Petitioner admitted that he received an early distribution from his IRA, a qualified retirement plan for purposes of section 72(t), see sec. 4974(c)(4), and that he was liable for the section 72(t) additional tax with respect to the portion of the distribution that he failed to properly roll over into an IRA or a qualified plan.

Respondent determined that petitioner received an early distribution from his IRA subject to the section 72(t) additional tax, and petitioner failed to prove that respondent's determination was erroneous.  Petitioner's distribution of $127,074 is an early distribution from a qualified retirement plan.  Accordingly, the 10% additional tax applies to the $127,074 distribution unless petitioner qualifies for an exception.  See sec. 72(t)(1) and (2); see also Stipe v. Commissioner, T.C. Memo. 2011-92; Dollander v. Commissioner, T.C. Memo. 2009-187.

Petitioner has not alleged that any exception applies, nor has he introduced any evidence that could allow us to conclude that an exception applies.  Therefore, petitioner is liable for the 10% additional tax on his early distribution of $127,074.

**[*11]** III.    Taxability of Interest Income

Petitioner does not appear to contest that he received interest income of $622 during 2006.  He attached to his untimely filed 2006 return the Forms 1099-INT from American Express Bank and BankAnnapolis.  Petitioner appears to contend that the $521 of interest income he received from BankAnnapolis is excluded from taxable income because it is attributable to the funds he purportedly intended to roll over into an IRA but which BankAnnapolis deposited into his savings account.  Accordingly, we need decide only whether petitioner must include in taxable income the $521 of interest income he received from BankAnnapolis.

Gross income includes "all income from whatever source derived", including interest.  Sec. 61(a).  As discussed supra pp. 8-9, petitioner rolled over IRA contributions of only $30,000 during 2006.  The balance of petitioner's Ameriprise IRA was deposited into his savings account at BankAnnapolis.  Petitioner is not eligible to exclude from gross income the balance of the Ameriprise IRA because he failed to comply with the requirements for making a rollover contribution.  Therefore, petitioner is not entitled to exclude the interest earned on the balance of the Ameriprise IRA deposited into his BankAnnapolis account.  Petitioner has offered no other arguments regarding why the $521 of

**[\*12]** interest income qualifies for tax-exempt treatment.  Accordingly, we sustain respondent's determinations with respect to petitioner's interest income.

IV.    Claimed Expense Deductions

Deductions are a matter of legislative grace, and ordinarily a taxpayer must prove that he is entitled to the deductions he claims.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  A taxpayer must maintain records to substantiate claimed deductions and to establish the taxpayer's correct tax liability. Higbee v. Commissioner, 116 T.C. at 440; see also sec. 6001.  The taxpayer must produce such records upon the Secretary's request.  Sec. 7602(a); see also sec. 1.6001-1(e), Income Tax Regs.  Adequate substantiation must establish the amount and purpose of a claimed deduction.  Higbee v. Commissioner, 116 T.C. at 440; see also Hradesky v. Commissioner, 65 T.C. 87 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).  In deciding whether a taxpayer adequately substantiated a claimed deduction, we are not required to accept the taxpayer's "self-serving, unverified, and undocumented testimony."  Shea v. Commissioner, 112 T.C. 183, 189 (1999).

When a taxpayer establishes that he paid or incurred a deductible expense but does not establish the amount of the expense, we may estimate the amount of the deductible expense.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir.

[*13] 1930).  However, we cannot estimate the amount unless the taxpayer introduces evidence that he paid or incurred the expense and the evidence is sufficient for us to develop a reasonable estimate.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

A.    Claimed Schedule C Expenses

Petitioner testified that during 2006 he incurred expenses and sustained an overall loss with respect to his Schedule C business activity.  At the pretrial conference petitioner described his business activity as "a consulting activity which uses pro se litigation as part of its activity".  At trial he testified that his business activity involved "intellectual property valuation".  Petitioner did not testify regarding any of the expenses he purportedly incurred with respect to his business activity.  He also admitted that he had failed to introduce any documentation to support any of the items he reported as expenses on his Schedule C.

Petitioner did not introduce any documentation or other credible evidence to substantiate his reported Schedule C expenses or to provide any reasonable basis for estimating the expenses.  Petitioner's uncorroborated testimony is insufficient to substantiate the expenses.  Petitioner is not entitled to any deduction for Schedule C business expenses.

[*14] B.    Claimed Moving Expenses

Petitioner testified that he moved his place of residence from Minnesota to Maryland in April 2006.  He further testified that the moving expenses included the cost of renting a van to transport his personal belongings to Maryland.  Petitioner did not testify regarding any other moving expenses he paid.  He admitted that he had failed to introduce any documentation to support any of the moving expenses that he claimed on his return.

Although petitioner has not offered any support for his contention, we infer from his testimony that he is claiming that his moving expenses were a deductible expense under section 217.  Section 217 provides that a taxpayer is allowed a deduction for "moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work."  Petitioner did not testify as to why he moved from Minnesota to Maryland.  Regardless, petitioner did not introduce any documentation or other credible evidence to substantiate his claimed moving expenses of $7,698 or to provide any reasonable basis for estimating the expenses.  Petitioner's uncorroborated testimony is insufficient to substantiate the claimed expenses.  Petitioner is not entitled to any deduction for moving expenses.

**[\*15]** V.     <u>Additions to Tax</u>

If the taxpayer assigns error to the Commissioner's determination that a taxpayer is liable for an addition to tax, the Commissioner has the burden, under section 7491(c), of producing evidence with respect to the liability of the taxpayer for the addition to tax. See <u>Higbee v. Commissioner</u>, 116 T.C. at 446-447. To meet his burden of production, the Commissioner must come forward with sufficient evidence that it is appropriate to impose the addition to tax. <u>Id.</u> Once the Commissioner meets his burden, the taxpayer must come forward with evidence sufficient to persuade this Court that the determination is incorrect. <u>Id.</u>

Respondent determined that petitioner is liable for an addition to tax for failure to timely file a return for 2006 under section 6651(a)(1). Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file a return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. See <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>United States v. Nordbrock</u>, 38 F.3d 440, 444 (9th Cir. 1994). Failure to timely file a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

**[*16]** Willful neglect means a conscious, intentional failure to file, or reckless indifference toward filing. Boyle, 469 U.S. at 245.

Petitioner admitted that he failed to timely file a return for 2006. In addition, respondent introduced a copy of petitioner's account transcript for 2006 which confirms that petitioner failed to timely file returns for the year at issue. Consequently, we conclude that respondent has satisfied his burden of production under section 7491(c), and petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is erroneous. Although petitioner testified that he did not timely file his 2006 return because he was involved in litigation in Federal court, we find that he did not have reasonable cause for failing to timely file his return and that he failed to file his return because of willful neglect. See, e.g., Cook v. Commissioner, T.C. Memo. 2012-167. Accordingly, we sustain respondent's determinations as to the section 6651(a)(1) addition to tax for 2006.

Respondent also determined that petitioner is liable for an addition to tax for failure to pay tax shown on a return under section 6651(a)(2). Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a taxpayer's Federal income tax return on or before the payment due date, unless

[*17] such failure is due to reasonable cause or willful neglect.[6]  A failure to pay

will be considered due to reasonable cause if the taxpayer makes a satisfactory

showing that he exercised ordinary business care and prudence in providing for

payment of his tax liability and was nevertheless unable to pay the tax or would

suffer undue hardship if he paid on the due date.  See sec. 301.6651-1(c)(1), Proced.

& Admin. Regs.  The section 6651(a)(2) addition to tax applies only when an

amount of tax is shown on a return filed by the taxpayer or prepared by the

Secretary.  Sec. 6651(a)(2), (g)(2); Cabirac v. Commissioner, 120 T.C. 163, 170

(2003).  When a taxpayer has not filed a return, the section 6651(a)(2) addition to

tax may not be imposed unless the Secretary has prepared a substitute for return that

satisfies the requirements of section 6020(b).  See Wheeler v. Commissioner, 127

T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

Respondent introduced into evidence a substitute for return that satisfies the

requirements of section 6020(b), as well as a copy of petitioner's account

transcript.  The substitute for return and the account transcript establish that

petitioner failed to pay the tax shown on the substitute for return.  Respondent has

satisfied his burden of production under section 7491(c).  Petitioner did not

---

[6]The sec. 6651(a)(2) addition to tax is 0.5% of the amount of tax shown on the return, with an additional 0.5% per month during which the failure to pay continues, up to a maximum of 25%.

[*18] introduce any evidence that he was unable to pay the tax owed or that he would have suffered undue hardship if he had paid the tax on the due date. Accordingly, we sustain respondent's determination as to the section 6651(a)(2) addition to tax.

Respondent also determined that petitioner is liable for additions to tax for failure to pay estimated tax under section 6654. Section 6654 imposes an addition to tax on an individual who underpays his estimated tax.[7] The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. Sec. 6654(c) and (d). In general, each required installment of estimated tax is equal to 25% of the "required annual payment". Sec. 6654(d). A taxpayer has an obligation to pay estimated taxes only if he has a "required annual payment". Wheeler v. Commissioner, 127 T.C. at 211-212; see also Mendes v. Commissioner, 121 T.C. 308, 324 (2003). The "required annual payment" is equal to the lesser of (1) 90% of the tax shown on the individual's return for that year (or, if no return is filed, 90% of his tax for such year), see sec.

_____

[7]Unless a statutory exception applies, the sec. 6654(a) addition to tax is mandatory, see sec. 6654(a), (e); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988), and sec. 6654 does not contain a general exception for reasonable cause or absence of willful neglect, see Grosshandler v. Commissioner, 75 T.C. 1, 21 (1980). Petitioner does not contend that any of the statutory exceptions under sec. 6654(e) are applicable to this case.

**[*19]** 6654(d)(1)(B)(i), or (2) if the individual filed a return for the immediately preceding taxable year, 100% of the tax shown on that return, see sec. 6654(d)(1)(B)(ii), see also sec. 6654(d)(1)(A) and (B) and (C). If, after the Commissioner issues a notice of deficiency for a taxable year, a taxpayer files a return for that year showing no tax due, the Court will disregard the return for purposes of determining whether the taxpayer satisfies "the return-filed safe harbor of section 6654(d)(1)(B)(i)." Mendes v. Commissioner, 121 T.C. at 328.

Because petitioner failed to file his 2006 return until after respondent issued the notice of deficiency, we disregard his untimely filed 2006 return. Accordingly, petitioner's required annual payment was equal to the lesser of 90% of his tax for 2006 or, if he filed a return for the immediately preceding taxable year, 100% of the tax shown on that return. See sec. 6654(d)(1)(B). Respondent introduced a copy of an account transcript showing that petitioner did not file his 2005 return until 2011. Because petitioner did not file his 2005 return until after respondent issued the notice of deficiency for 2006, we disregard his untimely filed 2005 return. Therefore, petitioner's required annual payment was equal to 90% of his tax for 2006. Petitioner failed to make any estimated tax payments for 2006. We therefore sustain respondent's determination as to the section 6654 addition to tax for 2006.

**[*20]** We have considered all the other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.