T.C. Memo. 2013-250

UNITED STATES TAX COURT

ROGER A. PHILLIPS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14095-11.                    Filed October 30, 2013.

Roger A. Phillips, pro se.

<u>David L. Zoss</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, <u>Judge</u>:  Respondent determined a $3,040 deficiency in Mr. Phillips'

2007 Federal income tax, a $684 addition to tax pursuant to section 6651(a)(1), a

$501.60 addition to tax pursuant to section 6651(a)(2), and a $136.77 addition to

**[\*2]** tax pursuant to section 6654.[1]  The issues for decision are:  (1) whether Mr. Phillips was required to include a distribution of $30,953 from an individual retirement account (IRA) in gross income; (2) whether Mr. Phillips received interest income of $675; (3) whether Mr. Phillips is entitled to any other deductions; and (4) whether Mr. Phillips is liable for additions to tax under sections 6651(a)(1) and (2) and 6654.  Because Mr. Phillips failed to meet his burden, we sustain respondent's adjustments to income and deductions.  We also sustain the addition to tax under section 6654, because Mr. Phillips failed to make the required quarterly installments.  Mr. Phillips is not liable for an addition to tax under section 6651(a)(1) or (2), however, because his liability was paid in full before the due date of his 2007 tax return.

## FINDINGS OF FACT

At the time he filed the petition, Mr. Phillips resided in Minnesota.

Mr. Phillips withdrew $157,074 from his IRA in 2006.  In a previous case in this Court, respondent conceded that $30,000 of the 2006 withdrawal was properly

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** rolled into another IRA.[2]  However, Mr. Phillips was required to include the remainder in his income for 2006, and he was held to be liable for section 72(t) additional tax for an early IRA withdrawal.[3]

In 2007 Mr. Phillips withdrew $30,953 from his IRA.  On April 14, 2008, Mr. Phillips timely filed a request for an extension of time to file his 2007 return and made a payment of $4,912 with his request.  Despite the extension of time, Mr. Phillips did not timely file his 2007 Federal income tax return.

On December 20, 2010, respondent prepared a substitute for return for 2007 on the basis of information returns that had been submitted to the Internal Revenue Service by third parties.  On March 11, 2011, respondent issued a notice of deficiency to Mr. Phillips, determining that he had taxable IRA distributions of $30,953[4] and that he had received taxable interest income of $675.  Mr. Phillips timely filed a petition disputing the notice of deficiency.

In February 2012 Mr. Phillips provided to respondent a completed Form 1040, U.S. Individual Income Tax Return, for 2007.  On this return, Mr. Phillips

---

[2]Phillips v. Commissioner, T.C. Memo. 2013-42.

[3]Phillips v. Commissioner, T.C. Memo. 2013-42.

[4]The wage and income transcript showed premature IRA withdrawals of $6 and $30,947; however, respondent did not determine section 72(t) additional tax in the notice of deficiency and has not asserted an increased deficiency.

**[*4]** listed IRA distributions of $72,084.57, taxable interest of $547.16, a business loss of $53,518.28, a capital loss of $3,000, and itemized deductions of $21,420.62.

On March 8, 2013, respondent filed a motion to show cause why proposed facts and evidence should not be accepted as established under Rule 91(f) and attached a proposed stipulation of facts with exhibits. On March 28, 2013, the Court issued an order to show cause pursuant to Rule 91(f)(2). Mr. Phillips responded, and at trial respondent lodged an updated stipulation of facts. This updated version took into account changes that Mr. Phillips had requested; but respondent lodged this with the Court because, notwithstanding the changes, Mr. Phillips refused to sign the updated stipulation of facts. After some questioning by the Court it appeared Mr. Phillips' objections were to word choice and not to the substance of the proposed updated stipulations. By order dated April 24, 2013, the Court admitted the updated stipulation of facts into the record and made the March 28, 2013, order to show cause absolute.

Throughout the pendency of this case and during the trial, Mr. Phillips submitted to the Court various documents, some of which were filed, some of which were retained as correspondence, and some of which were returned as improper documents. These documents contain notes and markings with which

**[\*5]** the Court is not familiar. Some of the shorthand appears to be internal citations to either parts of the same document or attachments to other documents. Additionally, Mr. Phillips redacted words, phrases, numbers, and pages presumably in an attempt to protect certain information; however, his redactions are not in accordance with Rule 27. Despite his promptness in responding to the Court's orders and respondent's formal and informal requests, Mr. Phillips failed to provide any unaltered receipts, bank statements, or other documents regarding his business losses or itemized deductions. Instead, Mr. Phillips created his own documents that could not be authenticated.

## OPINION

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error.[5] Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Mr. Phillips did not allege that section 7491(a) applies, and he bears the burden of proof.[6]

---

[5]Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

[6]<u>See</u> Rule 142(a).

[*6] Items in the Notice of Deficiency

At trial Mr. Phillips agreed that he withdrew $30,947 from his IRA as respondent asserted. Mr. Phillips disputes the $6 distribution reported in a separate Form 1099-R, but he provided no explanation of his "accounting" dispute, nor does he dispute that he received this amount. Generally, amounts distributed from an IRA are includable in a taxpayer's gross income as provided in section 72.[7]

In the return he provided to respondent in February 2012 Mr. Phillips listed IRA distributions of $72,084.57. At the time he provided that return, his 2006 liability had not yet been determined, and it appears the amount he listed includes not only the 2007 distribution, but also a portion of the 2006 distribution that was at issue in T.C. Memo. 2013-42 and has now been determined. Thus, only the $30,953 IRA distribution is includable in Mr. Phillips' gross income.

Gross income includes "all income from whatever source derived", including interest.[8] Respondent alleged Mr. Phillips received $675 in taxable interest. On the Form 1040 Mr. Phillips provided in February 2012, he listed taxable interest of $574.16; however, the Schedule B, Interest and Ordinary

---

[7]Sec. 408(d)(1).

[8]Sec. 61(a)(4).

**[*7]** Dividends, attached to the return lists interest received consistent with the notice of deficiency.[9] Thus it appears Mr. Phillips admits he received $675 of interest in 2007, and we find that it is includable in his income.

Other Deductions

Mr. Phillips asserts he had a business loss of $53,518.28, a capital loss of $3,000, and itemized deductions of $21,420.62 in 2007. As a result, Mr. Phillips asserts that these losses and deductions completely offset the income respondent determined in the notice of deficiency. Thus, Mr. Phillips asserts that he owes no tax.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed.[10] A taxpayer must maintain records to substantiate claimed deductions and to establish the taxpayer's correct tax liability.[11] The taxpayer must produce such records upon the

---

[9]Mr. Phillips listed $677.32 on the Schedule B. This amount differs from the amount stated in the notice of deficiency by $2.32 because of rounding.

[10]Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

[11]Higbee v. Commissioner, 116 T.C. 438, 440 (2001); see also sec. 6001.

**[\*8]** Secretary's request.[12]  Adequate substantiation must establish the nature, amount,  and purpose of a claimed deduction.[13]

Various rules govern what is acceptable proof of deductions.  Rule 1002 of the Federal Rules of Evidence requires an original document in order to prove its content.  Rule 1003 of the Federal Rules of Evidence generally permits duplicates unless a party raises a genuine question as to the original's authenticity.[14]  If a taxpayer can establish that he once had adequate records but lost the records because of circumstances beyond his control, such as a fire, flood, or other casualty, then the Court will permit the taxpayer to reasonably reconstruct his expenses.[15]  Rule 1004(a) of the Federal Rules of Evidence permits other evidence of the contents of a writing, such as testimony, when "all the originals are lost or destroyed, and not by the proponent acting in bad faith".

---

[12]Sec. 7602(a); see also sec. 1.6001-1(e), Income Tax Regs.

[13]Higbee v. Commissioner, 116 T.C. at 440; see also Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

[14]Major v. Commissioner, T.C. Memo. 2005-141, aff'd, 224 Fed. Appx. 686 (9th Cir. 2007).

[15]Gizzi v. Commissioner, 65 T.C. 342, 345 (1975) (holding that a loss of records due to moving residences is not a casualty beyond the taxpayer's control).

**[*9]**   Before trial Mr. Phillips did not produce any original documents or photocopies of original documents that could substantiate his claimed losses and deductions.  At no time has Mr. Phillips alleged he lost any of his records or that any of them were destroyed.  Rather, he prepared many of his own documents or provided altered copies of documents to respondent, apparently believing that these documents would serve as duplicates for the originals he was unwilling to provide.

At trial Mr. Phillips alleged he had some original documents and that he had prepared some other documents that he believed would substantiate his deductions.  When the Court inquired as to when and whether Mr. Phillips had provided these documents to respondent, he admitted that he had not provided them to respondent but that he wanted to move them all into evidence en masse without testimony.

Rule 131(b) provides that failure to comply with a standing pretrial order may subject a party to sanctions which may include the exclusion of evidence.[16] The standing pretrial order requires that the parties exchange documents at least

---

[16]See Rules 104(c)(2), 123(b); Moretti v. Commissioner, 77 F.3d 637, 644 (2d Cir. 1996); Griffin v. Commissioner, T.C. Memo. 2010-252; Schaefer v. Commissioner, T.C. Memo. 1998-163, aff'd without published opinion, 188 F.3d 514 (9th Cir. 1999).

**[\*10]** 14 days before the start of a trial session for which a case is set. In the light of the fact that Mr. Phillips did not provide the proffered documents to respondent at least 14 days before trial and had previously offered only altered and self-created documents, the documents were excluded. As a result the Court has no evidence that Mr. Phillips incurred any deductible expenses or losses. Thus, Mr. Phillips has failed to meet his burden, and he is not entitled to any deduction not permitted by the notice of deficiency.

Additions to Tax

Respondent determined that Mr. Phillips is liable for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654 for tax year 2007. Respondent has the burden of production with respect to these additions to tax.[17] To meet this burden, respondent must produce evidence showing that the additions to tax are applicable.[18] Once respondent satisfies this burden, Mr. Phillips has the burden of proof with respect to exculpatory factors such as reasonable cause.[19]

---

[17]See sec. 7491(c).

[18]See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446.

[19]See Higbee v. Commissioner, 116 T.C. at 446-447.

**[*11]** <u>Section 6651(a)(1)</u>

Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to file a timely return unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition to tax is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent.[20] For purposes of section 6651(a)(1), the amount required to be shown on the return is "reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return".[21]

Mr. Phillips did not timely file a Federal income tax return for 2007. However, he made a payment in excess of the amount required to be shown as tax for 2007 before April 15, 2008. Accordingly, we hold that Mr. Phillips is not liable for the addition to tax under section 6651(a)(1).

---

[20]Sec. 6651(a)(1).

[21]Sec. 6651(b)(1).

**[\*12]** <u>Section 6651(a)(2)</u>

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition is calculated as 0.5% of the amount shown as tax on the return but not paid, with an additional 0.5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%.[22] As with the addition under section 6651(a)(1), the penalty under section 6651(a)(2) applies only to the extent there is a balance due.[23]

Under section 6020(b), when a taxpayer fails to file a return required by law, the Commissioner (acting for the Secretary) may make a return from such information as he can obtain. Under section 6651(g)(2), any return so made is treated as the taxpayer's return for purposes of determining the amount of the addition under section 6651(a)(2). Mr. Phillips failed to timely file a Federal income tax return for 2007. Pursuant to section 6651(g)(2) the substitute for return respondent made is treated as Mr. Phillips' tax return. However, Mr. Phillips made a payment in excess of the amount of tax shown on the substitute for

---

[22]The amount of the addition to tax under section 6651(a)(2) reduces the amount of the addition to tax under section 6651(a)(1) for any month for which an addition to tax applies under both paragraphs. Sec. 6651(c)(1).

[23]Sec. 6651(b)(2).

**[*13]** return for 2007 before April 15, 2008. Accordingly, we hold that Mr.

Phillips is not liable for the addition to tax under section 6651(a)(2).

Section 6654(a)

Section 6654 imposes an addition to tax for an underpayment of a required

installment of estimated tax. Each required installment of estimated tax is equal

to 25% of the "required annual payment", which in turn is equal to the lesser of (1)

90% of the tax shown on the taxpayer's return for that year (or, if no return is

filed, 90% of the tax for such year), or (2) if the taxpayer filed a return for the

immediately preceding taxable year, 100% of the tax shown on that return.[24] The

due dates of the required installments for a calendar year taxpayer are April 15,

June 15, and September 15 of the calendar year in question and January 15 of the

following year.[25]

Respondent has met his burden of establishing that Mr. Phillips was

required to make an annual payment.[26] On the substitute for return for 2007

---

[24]Sec. 6654(d)(1)(A) and (B).

[25]Sec. 6654(c)(2).

[26]See secs. 6654(d)(1)(B), 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 211 (2006) (holding that in order to meet the burden of production, the Commissioner must produce evidence necessary for the Court to conclude that the taxpayer had a required annual payment), aff'd, 521 F.3d 1289 (10th Cir. 2008).

[*14] respondent calculated and reported a tax liability of $3,040.[27]  Respondent

provided an account transcript showing that Mr. Phillips did not file a 2006 return

and thus section 6654(d)(1)(B)(ii) does not apply.  Therefore Mr. Phillips'

 required annual payment was $2,736 (90% of $3,040), none of which was paid on

or before the due dates of the quarterly installments.  Although Mr. Phillips made

a payment in excess of his liability for 2007, that payment was not made with a

return filed on or before January 31, 2008, and thus his full payment does not

absolve him of the addition to tax under section 6654 for any quarterly

installment.[28]  Nor does any of the section 6654(e) exceptions apply in this case.

Accordingly, we hold that Mr. Phillips is liable for the addition to tax under

section 6654.

## Conclusion

We conclude that the distribution of $30,953 from Mr. Phillips' IRA is

includable in his gross income and he received interest income of $675.  Further,

Mr. Phillips is not entitled to any other deductions not allowed in the notice of

---

[27]See Mendes v. Commissioner, 121 T.C. 308, 327-328 (2003) (holding that a tax return filed after a notice of deficiency is issued is not considered a filed return for purposes of section 6654(d)(1)(B)(i)).

[28]See sec. 6654(h).

**[*15]** deficiency. Mr. Phillips is not liable for additions to tax under section 6651(a)(1) and (2); however, he is liable for the addition to tax under section 6654.

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiency and the addition to tax under section 6654 and for petitioner as to the additions to tax under section 6651(a)(1) and (2)</u>.